## GEO. M. DILLEY & SON v. FREEDMAN & BRO.

Decided January 24, 1901.

**Promissory Notes—Assignment and Payment—Joint Security—Subrogation.**

D. & Son, owners of a series of notes secured by a mortgage, parted with their title to the first four of the notes, before maturity, and the owners sent them to a bank for collection. The makers of the notes arranged with plaintiffs to take them up as they fell due, upon an understanding that the notes were to be kept alive, and that plaintiff would be entitled to the same security that D. & Son had, and the notes, upon payment of the amount due thereon, were assigned to plaintiffs by the bank. Held, that the notes had not been paid, but had been purchased, by plaintiffs, and the rule that, in order to become subrogated to the lien of the mortgage, plaintiffs would have to pay off the whole series of notes, did not apply, and that a judgment foreclosing the mortgage and directing the proceeds to be paid pro rata on the entire series of notes was correct.

Appeal from Cherokee. Tried below before Hon. Tom C. Davis.

*Campbell & McMeans,* for appellants.

*McClure & Whitman* and *Wilson & Watkins,* for appellees.

GARRETT, CHIEF JUSTICE.—Freedman & Bro. brought this suit in the District Court of Cherokee County against Harrison & Jowell for recovery upon four promissory notes of the aggregate sum of $582, and an account for $499.90, and the foreclosure of a mortgage on certain machinery and other personal property. The plaintiffs alleged that the notes belonged to a series of fourteen notes executed by the defendants Harrison & Jowell to Geo. M. Dilley & Son for machinery sold to them by the latter, and to secure which Harrison & Jowell had executed a prior mortgage to Geo. M. Dilley & Son upon the same machinery; and that plaintiffs were the owners and holders of the first four of said notes which had been indorsed in blank by the said Geo. M. Dilley & Son. Plaintiffs made the said Geo. M. Dilley & Son parties to the suit, and prayed for judgment against Harrison & Jowell for their debt and foreclosure of their mortgage, and that the property be sold and the proceeds applied first equally to the payment of said fourteen notes, the balance, if any, to their said account. Defendants Geo. M. Dilley & Son in their answer denied that plaintiffs had become the owners and holders of said four notes in due course of trade, but had paid the same for said Harrison & Jowell at their request, and were not entitled to an equal right with said Geo. M. Dilley & Son to said security. They also asked for a foreclosure of their lien for the ten notes remaining in their hands unpaid. The trial was by the court without a jury and resulted in a judgment in favor of the plaintiffs against Harrison & Jowell for the amount of said four notes and their account, with foreclosure of the lien of both mortgages. The court ascertained and adjudged in favor of

Geo. M. Dilley & Son against Harrison & Jowell the amount due on the ten notes held by them, and ordered the sale of the property and the proceeds thereof paid pro rata to the satisfaction of the amounts adjudged due on said notes to the plaintiffs and to Geo. M. Dilley & Son respectively, etc. Harrison & Jowell have not appealed.

The notes in suit were executed November 15, 1898, and were as described in the pleadings of the parties, and the two mortgages were both executed as alleged. The property is fully described in the judgment of the court. Before their first note became due Harrison & Jowell informed the plaintiffs that they had executed the fourteen notes to Geo. M. Dilley & Son, secured by mortgage on their mill machinery upon which they had already given the plaintiffs a mortgage subject to that of Geo. M. Dilley & Son, and requested plaintiffs to pay off the notes as they matured and carry them for them. Plaintiffs agreed to do so, with the understanding between them and Harrison & Jowell that they would be entitled to the same security as Geo. M. Dilley & Son had. Both parties requested the bank at Rusk, to which the notes would be sent for collection, to notify plaintiffs. The four notes sued on by plaintiffs were the first to mature and as they became due they were sent to the bank by the owners thereof for collection. Plaintiffs were notified when each of the four notes was received, and upon payment of the amount due upon each note it was assigned to them by the bank, acting by its cashier. The bank held the notes for collection only, and plaintiffs knew this fact. Before the maturity of said four notes the defendants Geo. M. Dilley & Son transferred and assigned each of them respectively to purchasers thereof by indorsing each of them in blank with their firm name, and parted with the title thereto.

If the appellants had not transferred the notes and parted with their title to them and had sent them to the bank at Rusk for collection for their account, the rule invoked by them, that in order to become subrogated to the lien of their mortgage the plaintiff would be obliged to pay off the whole series of notes, would hold good. Cason v. Conner, 83 Texas, 26; Fievel v. Zuber, 67 Texas, 280; 24 Am. and Eng. Enc. of Law, 200. But having assigned the notes and parted with all title to them, the doctrine of subrogation does not apply. The rule seems to be finally settled in this State that where the holder of a series of notes secured by a lien assigns one or more of them and retains the others, precedence is given to the assigned notes in the security reserved for their payment. Douglas v. Blount, 22 Texas Civ. App., 493. The rule obtaining before the case of Whitehead v. Fisher, 64 Texas, 638, upon the authority of which Douglas v. Blount was decided, was for equality of payment. Salmon v. Downs, 55 Texas, 243; Wooters v. Hollingsworth, 58 Texas, 371. See paper of Mr. R. L. Batts, Proceedings Texas Bar Association 1900, page 125.

When the appellants transferred the notes they assigned with them the right to the security and the plaintiffs acquired the same by the assign-

ment to them. If the notes had been paid, the right to the security held by them would have been extinguished, but they were not paid. Plaintiffs took the notes up for the makers with the understanding that they were to be kept on foot, and they were transferred to them by the bank. They were still negotiable, although past due. The bank may have been without authority to transfer them, but that raises only a question of title between the holders who sent them to the bank for collection and the plaintiffs. Having parted with their title and lien, the appellants can have no interest in this question. Since their assignees acquiesce, the appellants can not complain. The judgment of the court below is without error of which appellants can complain, and will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Since the filing of our conclusions in this case our attention has been called to the fact that the Supreme Court did not refuse a writ of error in the case of Douglas v. Blount, 22 Texas Civil Appeals, 493, but that the application for writ of error was dismissed. See Douglas v. Blount, 93 Texas, 499, for the opinion of the Supreme Court on dismissing the application. We accepted the statement made in the paper of Mr. Batts as to the disposition of the case. The expression in the opinion in this case, that the rule seems to be finally settled, must be corrected, for Salmon v. Downs and Wooters v. Hollingsworth, in the absence of the approval by the Supreme Court of Douglass v. Blount, as decided by the Court of Civil Appeals at San Antonio, and in view of the fact that the case of Whitehead v. Fisher is dictum, only, must still be considered unaffected as authority. But this does not affect our decision. The motion for a rehearing is overruled.

*Overruled.*