BRAUN v. HICKMAN et al. (No. 8055.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 5, 1914. On Motion for Rehearing, March 27, 1915. Second Motion for Rehearing Denied April 24, 1915.)

1. VENDOR AND PURCHASER ☞285 — LIENS AND SECURITY—PURCHASE-MONEY NOTES.

A payee of purchase-money notes, given on a land sale wherein a vendor's lien was reserved, deposited them as collateral with a corporation to secure his own note. The corporation sent the notes to its bank to be collected as they matured. Two of the notes were paid by the maker at maturity with money borrowed from a third person, and were surrendered to the maker without being marked paid, and subsequently sent to such third person, who obtained the corporation's indorsement thereon to himself. The payee brought suit on the remainder of the notes, in which suit the third person intervened and prayed that he be subrogated to the payee's rights as to the notes paid by him, and be given a lien equal to that of the payee as against the land. Held that, in the absence of evidence that the value of the land was insufficient to pay all the notes, it was not error to subordinate the intervener's lien to that of the payee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. ☞285.]

On Motion for Rehearing.

2. VENDOR AND PURCHASER ☞261—SECURITY AND LIENS—PURCHASE-MONEY NOTES.

Where a third person took up two of several promissory notes secured by a vendor's lien and paid them, receiving the notes from the maker in return, the third party could not thereby claim a lien superior to that of the payee of the other notes, the notes being paid as far as the payee was concerned, where he had never transferred them to the third party, nor agreed that the third party should be subrogated to the lien securing them.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. ☞261.]

Appeal from District Court, Jones County; John B. Thomas, Judge.

Action by N. W. Hickman and others against G. A. Schneider and another, in which A. C. Braun intervened. From a judgment for plaintiffs, intervener appeals. Affirmed.

W. S. Pope, of Anson, and Ocie Speer, of Ft. Worth, for appellant. Davenport & Davenport, of Stamford, for appellees.

DUNKLIN, J. On January 9, 1908, N. W. Hickman sold a tract of land to G. A. Schneider, in part consideration for which conveyance Schneider executed his five promissory notes, numbered, respectively, from 1 to 5, inclusive, the first four of which were for $540 each and the last for $340. The notes were made payable, respectively, in the order of their numbers, from one to five years after date. As a further consideration for that conveyance Schneider assumed the payment of an indebtedness in the sum of $500 secured by a mortgage then outstanding against the land in favor of the American Freehold

Land Mortgage Company of London. A vendor's lien was expressly retained, both in the deed of conveyance and in the purchase-money notes, to secure the payment of those notes. Notes Nos. 1 to 4, inclusive, were made payable to N. W. Hickman, and note No. 5 was made payable to J. H. Morris, by reason of the fact that he owned some interest in the land conveyed.

Hickman instituted this suit against Schneider and Morris, in which a personal judgment was sought against Schneider for the amount then due on notes Nos. 3 and 4, held by Hickman, and a foreclosure of the vendor's lien upon the land for which the notes were given. In the petition plaintiff alleged that Morris was the owner of note No. 5, which was given as part consideration of the sale of the land, and was one of the series of notes executed by Schneider at the time.

Morris filed an answer, and A. C. Braun intervened in the suit. Morris alleged the ownership of note No. 5, and prayed for judgment against Schneider, and also for foreclosure of his vendor's lien. Braun alleged that for a valuable consideration and before maturity he purchased note No. 1 from the Toyah Valley Live Stock Company, and that he purchased note No. 2 before its maturity for a valuable consideration from plaintiff, Hickman; that both notes were indorsed without recourse by the Toyah Valley Live Stock Company and Hickman. He prayed for judgment against Schneider for the amount due on the two notes, and for an adjustment of the equities between all of the parties in the respective liens claimed by them.

In reply to the intervention by Braun, Hickman alleged that the indorsement of his name upon the backs of the two notes held by Braun was not made by him, nor by his authority, and were, hence, not binding upon him. He also denied the purchase of the notes by Braun as claimed by him. He alleged that notes Nos. 1 and 2 were placed in banks for collection only, and were duly collected from the defendant Schneider, and that therefore the notes were fully discharged; that after said notes were so discharged Schneider delivered the same to Braun as security for money loaned by Braun. Plaintiff further alleged that, if any lien existed in favor of Braun by reason of the loan made by him to Schneider, the same exists only as between them, and is subordinate to the liens asserted by plaintiff. Substantially the same facts alleged by the plaintiff in his supplemental petition were adopted by defendant Morris, who also prayed that his lien be established as superior to that of Braun.

By supplemental plea Braun alleged that he furnished to Schneider the money with which he took up the two notes under an agreement for subrogation to the lien securing the same, and he prayed that, as the note held by Morris was not one of the series of four notes originally payable to Hickman, the lien claimed by Braun should be decreed of superior dignity to the lien claimed by Morris.

Judgment was rendered in favor of the plaintiff, the defendant Morris, and intervener for their respective debts against Schneider, and for foreclosure of the liens claimed by all. But Braun's lien was decreed to be inferior to that held by Hickman and Morris, whose liens were given equal dignity. A. C. Braun has appealed from that judgment.

The trial was by the court without a jury, and findings of fact and conclusions of law by the trial judge appear in the record. The following facts were found by the court:

While Hickman held notes 1 to 4, inclusive, and before the maturity of any of them, he deposited them with the Toyah Valley Live Stock Company as collateral security for a note he owed to that company, with the understanding that when the latter note was paid the collateral should be returned to him. The Toyah Valley Live Stock Company deposited Hickman's note, together with the collateral, with the Pecos Valley Bank, of Pecos, Tex., with instructions to collect the collateral as it matured and apply it upon Hickman's note. The Pecos bank sent the collateral notes to the First National Bank of Stamford for collection. On the date of the maturity of note No. 1 Schneider paid that note, and also the interest then due on notes 2, 3, and 4. When note No. 1 was so paid, it had the following indorsement thereon:

"Pay to the order of the Toyah Valley Live Stock Company. N. W. Hickman. Without recourse."

Instead of marking note No. 1 "Paid," according to custom, the officer of the bank receiving payment, in obedience to Schneider's request, delivered it to Schneider without said indorsement. Schneider informed such officer of the bank at the time that he intended to send the note to A. C. Braun, which was afterwards done. During the summer of the same year Braun procured the indorsement of the note to himself by the Toyah Valley Live Stock Company, but this indorsement was without Hickman's knowledge. The money so collected by the Stamford bank was sent to the Pecos bank, who applied it to the discharge of Hickman's note to the Toyah Valley Live Stock Company, and so notified Hickman, and further informed him that the other three collateral notes would be held by the bank for Hickman's account. At the time note No. 2 matured the Stamford bank held the same for collection for plaintiff's account. On the date of its maturity, Schneider paid the full amount due thereon. When the note was paid, it was delivered to Schneider, and at Schneider's request was not marked paid. At that time there was an indorsement purporting to be to Braun without recourse by Hickman, but Hickman did not make such indorsement, nor authorize any one so to do; neither did Hickman authorize the Toyah

Valley Live Stock Company to indorse that note to Braun.

The money used by Schneider in payment of notes 1 and 2 and the interest on notes 3 and 4 was loaned to him by Braun for that purpose, with the understanding and agreement by and between Braun and Schneider that said notes were not to be considered paid, and that Braun was to hold the same as a lien on the land mentioned to secure him in the advancement of the money by him to Schneider. When notes Nos. 1 and 2 were paid, Hickman believed that the same were discharged, and the vendor's lien upon the land in controversy released to that extent. Hickman paid an interest installment of $40 upon the incumbrance assumed by Schneider when the latter purchased the land, as shown above, and this amount was included in Hickman's judgment, along with the amount due upon notes 3 and 4. The court found that the banks collecting said notes 1 and 2 "held the same for collection only, and had no authority from plaintiff, or from the Toyah Valley Live Stock Company, to transfer or assign the said notes." In this connection we deem it proper to note that Braun interposed no plea that the acts of the bank in turning over the notes to Braun, under the circumstances stated, amounted to an assignment thereof by the bank, and that Hickman is estopped from denying the authority of the bank to make such assignment.

[1] By different assignments Braun contends that the liens stipulated in the two notes held by him are co-ordinate with the liens claimed by Hickman and Morris. He has not attacked any of the court's findings of fact. Hence those findings are binding upon us. It seems the findings of fact were filed after the adjournment of the court, and that the assignments of error presented in appellant's brief are taken from his motion for a new trial. It thus appears that it was impossible to attack the findings of fact in the motion for new trial. But under rule 101, as amended June 25, 1913, shown in 159 S. W. xi, it is provided that:

"Assignments of error or cross-assignments relating to any ruling or action of the trial court or trial judge which occurs subsequently to the rendition of the final judgment in the case, may be incorporated in the brief filed in the Court of Civil Appeals without being included in the transcript."

Even in the absence of that rule no doubt appellant had the right to attack those findings by assignments of error in some form filed with the clerk of the trial court. Many propositions of law are presented in appellant's brief, some of which are predicated upon facts which he claims are shown by undisputed evidence, but which cannot be considered, as the same are at variance with the findings of fact by the trial judge. The only question that can be considered is whether or not, under the findings of fact recited already, the court erred in subordinating

176 S.W.—56

Braun's lien to that of Hickman and Morris. Unquestionably, as between Braun and Schneider, Braun acquired a lien upon the land by subrogation to the rights of Hickman, the original payee in the note. Indeed, neither in the court below, nor here, has Schneider or appellees controverted that right. Various phases of the doctrine of subrogation are discussed in such cases as Cason v. Connor, 83 Tex. 26, 18 S. W. 668, Dilley v. Friedman, 25 Tex. Civ. App. 39, 60 S. W. 448, Martin v. Gray, 159 S. W. 118, Fitch v. Kennard, 133 S. W. 738, and numerous other cases cited in those decisions. But it is unnecessary for us to determine whether under any of the rules of subrogation there was error in the judgment now under review, since the value of the land was not found by the trial judge, nor are we cited to any evidence in the statement of facts showing the same. If the land is of sufficient value to pay off all the notes held by all the parties to this suit, then any error committed by the trial judge in establishing the lien held by Hickman and Morris as superior to that held by Braun would result in no injury to appellant. In the absence of any proof of the value of the land, we cannot say that it is insufficient to pay off all the notes, and hence cannot say that the error complained of, if any, resulted in injury to appellant, and appellant's assignments, therefore, must be overruled. Rule 62a, 149 S. W. x; Kynard v. Tucker (No. 8042, by this court) 171 S. W. 1086.

The judgment is affirmed.

## On Motion for Rehearing.

[2] As noted in the original opinion, the trial court found as a fact that the banks collecting the two notes paid by Braun had no authority from the plaintiff or from the Toyah Valley Live Stock Company to transfer or assign them. The court further found that Hickman did not know of the indorsement of the notes to Braun and believed that by the payments made to the banks the two notes had been discharged and the land relieved of so much of the incumbrance against it. Impliedly, at least, those findings negative any consent by Hickman that Braun should be subrogated to the lien given to secure those notes. In Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273, our Supreme Court said:

"If any subrogation took place, therefore, it must have been by agreement of parties. That this can be accomplished by a payment made in accordance with an express understanding between the debtor, the creditor, and a third party, to the effect that if such third party pays the debt he may hold the security for his reimbursement, there can be no doubt. Dillon v. Kauffman & Runge, 58 Tex. 696; Flanagan v. Cushman, 48 Tex. 241. It is also recognized law that a payment upon a like agreement between a stranger and the creditor will have the same effect. In both these cases, however, this would seem a virtual assignment, without reference to the doctrine of subrogation. But up-

on the proposition that a substitution can be brought about by a contract between debtor and a volunteer, to which the creditor is not a party, the law is not quite so clear. That it cannot be done as to a part of the debt, or in any manner to affect the rights of the creditor to his prejudice, does not admit of doubt. But there are numerous decisions which recognize the doctrine that, if a third party pay the entire debt in pursuance of an agreement between him and the debtor, upon his doing so he shall be subrogated to the creditor's rights, the agreement will be given effect, and such third party will stand in the place of the creditor as to all persons interested in the property or the security."

As Hickman never transferred the notes to Braun, and never agreed that Braun should be subrogated to the lien securing the same, it follows necessarily that they were paid so far as he was concerned, and therefore the lien in favor of the other three notes retained by Hickman is superior to the lien claimed by Braun. This conclusion of itself is sufficient to sustain the judgment of the trial court, independent of the further fact, noted in the original opinion, that there was an absence of any proof that the value of the land upon which the foreclosure was decreed was insufficient to satisfy all of the notes.

Accordingly the motion for rehearing is overruled.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes