C. L. SULLIVAN ET AL. v. GRANT DOYLE.

No. 2484. Decided April 18, 1917.

1.—Appeal—Parties Not Joining.

Parties not joining in an appeal are not entitled to relief from the judgment appealed from. (P. 370.)

2.—Appearance—Cross Action—Citation.

One who enters a general appearance in a case is bound by the judgment rendered against him on cross-action by another party though filed subsequent to his appearance and without service of citation upon him. (P. 370, 371.)

3.—Vendor's Lien—Subrogation—Case Stated.

A purchaser of land assumed payment of two outstanding vendor's lien notes in favor of a former vendor, he also gave, as part of his purchase price, a third note with junior lien. The first of the two notes, maturing, was placed in a bank for collection, and was there paid with money furnished the party who assumed it by another person, under agreement between them that it should be held by the latter as security for his repayment. Held:

1. The person so taking transfer of the first note was not subrogated to its lien as against the holder of the second note, who was not a party to the agreement keeping the first one in force after its payment. The latter was entitled to be paid first out of the proceeds of the sale of the land on foreclosure. (P. 371.)

2. As against the holders of liens attaching later in point of time than that

of the note so held by the party furnishing money to pay it (the third purchase money note and an attachment lien) as well as against the owner of the land, a party to the agreement transferring the first note and keeping it in force, such assignee took the lien for its security by subrogation, and was entitled to be paid next in order from the proceeds.   (P. 371.)

Error to the Court of Civil Appeals for the Seventh District in an appeal from Deaf Smith County.

Sullivan and wife sued Doyle and McKinley on a note and for foreclosure, making Botts and the bank and trust company defendants as claimants of adverse liens. Botts and Doyle, by cross-action, asserted superior liens. The liens were foreclosed, that of Botts being given preference, that of the plaintiffs next, and Doyle being denied recovery. He appealed and the judgment was reversed (150 S. W., 473). Sullivan and wife then obtained writ of error.

*Carl Gilliland* and *W. H. Russell,* for plaintiffs in error.—The court erred in holding that the lien on the land in controversy in favor of the appellees, C. L. Sullivan and N. I. Sullivan, was subordinate and inferior to the liens in favor of Grant Doyle and the First State Bank and Trust Company of Hereford. Fears v. Albea, 69 Texas, 437; Goddard v. Peeples, 11 Texas Civ. App., 615, 33 S. W., 314; Cason & Bro. v. Conner, 83 Texas, 26; Bonner Memorial Home v. Collin County National Bank, 122 S. W., 430; Dillon v. Kauffman, 58 Texas, 705; Hicks v. Morris, 57 Texas, 661; Texas Ld. & L. Co. v. Blalock, 76 Texas, 90; Farmer v. Simpson, 6 Texas, 302; Clements v. Lacey, 51 Texas, 159; White v. Shepperd, 16 Texas, 172; 37 Cyc., pp. 408-410.

*G. W. Barcus* and *J. C. North,* for defendant in error.—Where a debt secured by a lien is paid it releases the lien and the lien can not be re-established except by the consent of the owner of the property and if re-established would become a junior lien to all other liens on the property.   Sowder v. North Tex. St. Bank, 155 S. W., 971; Good v. Smith, 170 S. W., 257; Bank v. Texas Christian University, 170 S. W., 1195.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

Louis E. Botts conveyed land to Grant Doyle for which Doyle, in part payment, gave three vendor's lien notes. Later, Doyle conveyed the land to H. B. McKinley, who assumed the payment of the second and third of the notes given by Doyle to Botts,—the first one having been paid, and also gave Doyle his vendor's lien note in a certain amount. The second of the notes in Botts' favor having matured, the trial court found,—and there was some evidence to such effect,—that at McKinley's request C. L. Sullivan furnished him the money for its payment,—joint funds of Sullivan and his wife,—with the understanding between himself and McKinley that he should hold the note for his security. The note was taken up by McKinley at the bank which held it for collection for Botts, its owner, and delivered by him to Sullivan. In de-

livering the note, the bank marked it "paid" across its face. Botts was not a party to the agreement between Sullivan and McKinley and had no knowledge of it.

The suit was by Sullivan and wife against Doyle and McKinley upon this note and for foreclosure of the vendor's lien. In the petition, Botts and the First State Bank & Trust Company of Hereford were included as defendants, it being alleged that they were asserting liens upon the land, the lien of the latter being an attachment lien levied in another suit against McKinley. Sullivan and wife sought to have their lien adjudged superior to or of the same rank as that securing the third of the original series of notes in Botts' favor, and superior to the lien securing the note given by McKinley to Doyle, as well as that claimed by the bank and trust company. Botts and Doyle, by cross-actions, set up their respective notes and liens, each asserting that the lien claimed by the Sullivans, if it existed, was subordinate to his. McKinley entered his appearance in the case, but of a date prior to the filing of these cross-actions. The bank and trust company made default. Judgment was rendered for the Sullivans against McKinley for the amount furnished for the payment of the note sued on, with interest, and subrogating them to the lien securing it. Foreclosure of the lien against the other parties was decreed in favor of the Sullivans and Botts. It was ordered that the proceeds of the sale be applied to the payment, first, of the principal and interest due on Botts' note and the costs of the suit, and then, to the judgment in favor of the Sullivans, any remainder to be paid over to McKinley. Doyle was denied any recovery upon his cross-action against McKinley apparently for the reason that as to it McKinley had entered no appearance and had not been served with citation, and proper diligence had not been exerted to obtain such service. Doyle, alone, appealed.

The Court of Civil Appeals for the Seventh District held that McKinley was not before the court as to Doyle's cross-action, but that the judgment should be reversed and the cause remanded because the lien of the Sullivans was given priority over Doyle's lien and that of the bank and trust company, and because Botts was not allowed the recovery of attorney's fees upon his note. We granted the writ of error upon the application of the Sullivans because the decision of the Court of Civil Appeals practically settled the case.

Botts was content with the judgment as it was rendered in his favor and did not appeal. There was no warrant for a reversal in his behalf on Doyle's appeal. This is likewise true as to the reversal in favor of the bank and trust company. Foreclosure of the lien of the Sullivans was decreed against it by default and it did not appeal. No evidence was adduced in anywise showing that such lien as it had was superior to the lien claimed by the Sullivans.

Having entered his appearance in the main case, McKinley was before the court for all purposes, and Doyle was entitled to judgment against him upon his cross-action without the necessity of citation. Roller

v. Reed, 87 Texas, 76, 26 S. W., 1060; Vernor v. Sullivan, 126 S. W., 641.

The Sullivans were not entitled, as against Botts, to be subrogated to the lien securing the note for the payment of which their money was furnished. Botts did not consent to the transfer of the note or lien. The other note held by him, secured by the same lien, remained unpaid. With his debt not wholly satisfied, the payment of the note by persons in the position of the Sullivans could, as against him, work no subrogation without his consent. Sheldon on Subrogation, sec. 248; Fievel v. Zuber, 67 Texas, 274, 3 S. W., 273; Cason v. Connor, 83 Texas, 26, 18 S. W., 668. But under the finding of the trial court in respect to the agreement between C. I. Sullivan and McKinley, the Sullivans clearly became subrogated to the lien as against McKinley to the extent of the amount furnished by them for the payment of the note, though in their hands it was subordinate to that held by Botts.

The lien thus acquired by them was necessarily superior to those of junior lienholders, such as Doyle and the bank and trust company. The lien was upon the land when Doyle and the bank and trust company acquired their liens. They took their liens subject to it. It was not possible for them to be prejudiced by the Sullivans being substituted for Botts as its holders. Upon principle there can be no reason for rendering it in the Sullivans' hands inferior to liens which from their origin were subordinate to it. Downer v. Miller, 15 Wis., 612.

The judgment of the Court of Civil Appeals is reversed. The judgment of the trial court as rendered in Botts' favor will not be disturbed, and is affirmed. As rendered for the Sullivans it is likewise affirmed. For failure to decree recovery in Doyle's favor on his cross-action against McKinley, it is reversed in part and judgment will be here rendered for Doyle against McKinley for the amount admittedly due as shown by the record, principal, interest and attorney's fees, upon the latter's note in Doyle's favor, with foreclosure of the vendor's lien securing it. The judgment will provide that the proceeds of the sale of the land be applied to the payment, first, of the judgment in Botts' favor and the costs of the suit in the trial court, including the expense of the sale; next, the judgment in favor of the Sullivans; then, the judgment in Doyle's favor, any balance remaining to be paid to McKinley.

*Reversed in part and rendered.*