## MARSHALL–LINDSEY CO. et al. v. STEPHENSON et al. (No. 1740.)

Court of Civil Appeals of Texas. Beaumont. Jan. 17, 1929.

Read, Lowrance & Bates and J. D. Kugle, all of Dallas, for appellants.

Holland, Bartlett, Thornton & Chilton, of Dallas, for appellees.

WALKER, J. On the 17th day of August, 1925, appellee George H. Stephenson entered into a written contract with appellees Boggess, Jones & Higginbotham to buy from them a certain piece of property in the city of Dallas for $12,500, of which $5,500 was to be paid in cash, and the balance in vendors' lien notes. The sellers' real estate brokers, appellants Marshall-Lindsey Company, who negotiated the sale, were parties to this contract. It was further stipulated that appellee Stephenson was to deliver to the brokers the sum of $500 as earnest money to be paid to appellees Boggess, Jones & Higginbotham if the sale was consummated, but to be returned to appellee Stephenson, if the sale was not consummated. Boggess, Jones & Higginbotham were to furnish appellee Stephenson an abstract showing a clear title. If they failed to furnish this abstract, the contract was to be abandoned, and appellee was to have back his $500. If such an abstract was furnished, and appellee Stephenson refused to execute the contract, he was to forfeit the $500. The abstract, when furnished, showed a deed out of Boggess, Jones & Higginbotham, conveying to a third party a one-half interest in the party wall to the building situated upon the property which appellee Stephenson was purchasing, and, because of this defect in the title, which Boggess, Jones & Higginbotham refused to remove, appellee Stephenson refused to execute the contract, and demanded back his $500. When payment was refused, he instituted this suit in the county court against appellants and Boggess, Jones & Higginbotham pleading the facts as stated, and praying for judgment against all of them jointly and severally for the $500. Appellants answered by general denial, and specially that, under their agreement with Boggess, Jones & Higginbotham, they were to have all over $12,000 received for the property as their commissions for effecting the sale, and that the $500 in controversy was the $500 in excess of the agreed price, and therefore constituted their commissions.

They further pleaded that appellee Stephenson contracted to buy the property, knowing that this party wall deed was outstanding, and was to buy it subject to that deed, and prayed that the contract be so reformed as to contain that condition, which, admittedly, it did not contain as executed. In the contract the property was described as "being approximately twenty-eight by eighty feet." Appellants pleaded that the word "approximately" was deliberately used by the parties as a description of the property to be sold to take care of the property previously conveyed by the party wall deed; that the parties did not know the width of the party wall, and that the word "approximately" was used to take care of this indefinite condition. Appellees Boggess, Jones & Higginbotham answered, pleading the same facts as did appellants, and further denying that appellants were their agents, but that the $500 was held by them for appellee Stephenson, and they denied that they were in any way responsible for its return. Demurrers were sustained against appellants' special defensive allegations. Upon a trial to a jury, verdict was instructed in favor of appellee Stephenson, against all the defendants, for the relief prayed for by him, and in favor of Boggess, Jones & Higginbotham against appellants, for any sum they might be forced to pay.

Appellants have duly perfected their appeal and have presented the case to us solely on fundamental error, having abandoned all formal assignments of error. Appellees Boggess, Jones & Higginbotham did not appeal from the judgment against them,

but have attempted to assign error in this court against that judgment. This they can not do. Not having appealed from the judgment against them, they cannot assign error in this court against their coappellee, George H. Stephenson. Anderson v. Silliman, 92 Tex. 560, 50 S. W. 576; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Traders' Nat. Bank v. Price (Tex. Com. App.) 228 S. W. 160.

Appellants have no right, title, claim or interest in or to the $500 in controversy. There was nothing in the written agreement stipulating that this $500 was to be paid to them, or that they would have any interest therein. They did not plead that their codefendants, Boggess, Jones & Higginbotham, had assigned this $500 to them as their commissions, nor that they had agreed that the $500 should be so applied. They held the $500 strictly upon the terms of the written contract. By that contract, if the trade was consummated, the $500 was to go to Boggess, Jones & Higginbotham. If for valid reasons it was not consummated, it was to be returned to appellee Stephenson. By instructing the verdict against Boggess, Jones & Higginbotham, the trial court held that they had breached their written agreement and had thereby released their claim to the deposit. Against that judgment, Boggess, Jones & Higginbotham have made no complaint. As the judgment of the trial court compelled them to pay to appellants the amount of the deposit, which was in the possession of appellants, judgment correctly followed against appellants, as the trial court entered it.

As we understand the pleadings of appellants, they made no issue as against Boggess, Jones & Higginbotham that they were due a commission as real estate brokers, and, as such, should have judgment on the theory of earned commissions. In other words, they are not attacking the judgment against them in favor of Boggess, Jones & Higginbotham on the theory that it denied them a commission, but their complaint relates solely to the action of the trial court in sustaining exceptions against their answer to plaintiff's demand.

There being no error in the judgment of the trial court, the same is in all things affirmed.