## LEAVERTON et al. v. DAVIS.

### No. 3448.

Court of Civil Appeals of Texas. Amarillo.
Oct. 1, 1930.

Rehearing Denied Oct. 22, 1930.

Writ of Error Granted Dec. 20, 1930.

Wilson, Randal & Kilpatrick, of Lubbock, for appellants.

684

W. M. Peticolas, Jr., of Lubbock, for appellee.

JACKSON, J.

This suit was instituted in the district court of Lubbock county, Tex., by the appellee, A. J. Davis, against the defendants L. W. Ray and wife, Viola Ray, and D. N. Leaverton, R. D. Moxley, and John Dalrymple, to recover $715.14, with interest thereon, against Ray and wife, and to foreclose his vendor's lien on the land fully described in his petition against all of the defendants.

The case was submitted to the court without the intervention of a jury. Ray and wife defaulted, and the appellee recovered judgment against them for his debt and obtained a judgment against all of the defendants foreclosing his vendor's lien. No complaint is made of the judgment against Ray and his wife, but Leaverton, Moxley, and Dalrymple prosecute this appeal from the judgment foreclosing the lien on the land against them.

A former appeal of this case was disposed of by this court in an opinion by Chief Justice Hall, reported in 21 S.W.(2d) 369. That opinion gives a full and concise statement of the controversy between appellants and appellee, and it is unnecessary to restate the case.

The testimony shows without controversy that appellee purchased the vendor's lien note sued on from the owner, Mrs. Spencer, and paid her therefor. That at the same time he also paid her the accumulated interest due on the six outstanding notes constituting the remainder of the series of vendor's lien notes owned by Mrs. Spencer. That he made the purchase to keep Mrs. Spencer from declaring the entire series of notes due and unpaid and exercising her option to foreclose all of the remainder of the series after Ray, who had last assumed the payment of said series of notes, had failed and refused to pay the note that was due and the accumulated interest on the balance of the series. That at the time of the purchase, Mrs. Spencer, by a proper written assignment, transferred the note purchased and the interest, to appellee. That appellants knew of the existence and the validity of the series of first lien notes which evidenced a part of the purchase price for the land, when they accepted their notes and were advised that the lien they were taking to secure their notes was a second and inferior lien to the first lien notes owned by Mrs. Spencer. The testimony shows no express or implied contract by which appellee agreed to protect the appellants in their lien or the payment of their notes, and against appellee neither fraud nor estoppel are pleaded or suggested in the testimony.

Appellants' contention is that appellee, by the payment of the note to Mrs. Spencer and the interest on it and the unpaid balance of the series, extinguished the lien evidenced by said note and interest and was not entitled to a foreclosure thereof, but if the lien was not extinguished in any event it was made second and inferior to the lien held by them to secure the payment of their notes.

We think that the former opinion of this court is decisive against appellants' contention. The lien of appellants was necessarily inferior to the prior lien securing the purchase money. This prior lien was upon the land when appellants obtained their lien. They took it subject to a prior lien, and they were not prejudiced by the fact that the appellee by purchase became substituted for Mrs. Spencer, who, by a proper assignment, transferred the note and interest to appellee. Sullivan et ux. v. Doyle, 108 Tex. 368, 194 S. W. 136.

The judgment of the trial court is affirmed.