## WRIGHT et al. v. JONES et al. *
### No. 3483.

Court of Civil Appeals of Texas. Amarillo.

Nov. 5, 1930.

Rehearing Denied Dec. 10, 1930.

Lockhart, Garrard & Brown, of Lubbock, for appellants.

John Hancock, of Fort Worth, Scott, Brelsford, McCarty & Brelsford, of Eastland, and J. W. Timmins, of Dallas, for appellees.

RANDOLPH, J.

This suit, in the nature of trespass to try title, was brought in the district court of Gaines county, Tex., by Roy Lee Wright, Jack Wright, Margaret Wright, and Ruth Wright, minors, by their next friend, Annie Lee Wright, to recover from various defendants named four sections of land in Gaines county, Tex. The case was transferred by agreement to the district court of Lubbock county, Tex., and, from a judgment in favor of defendants, this appeal has been taken.

The plaintiffs' petition contained the customary allegations of a petition in trespass to try title, with additional allegations setting out at some length the minority of the plaintiffs, the fact that no administration was had on the estate of their father in whose estate they had an undivided one-half interest, and the invalidity of certain instruments executed by their mother, Annie Lee Wright.

The plaintiffs' first proposition presents as error the following:

"The plaintiffs in this case being minors, could not be charged with constructive notice of the filing of the cross-action of the defendants against them, and there having been no citation or other character of notice served upon them or either of them, the court was without authority to appoint a guardian ad litem to represent such minors, after their suit had been dismissed, and to proceed to trial of the cross-action against them, and was without jurisdiction to render judgment against such minors for the title and possession of the land in controversy."

This petition was answered by defendants, and at the same time the defendants, as cross-plaintiffs, filed their cross-action against the plaintiffs in the suit as cross-defendants, asserting title to the land in such cross-plaintiffs. Apparently, on the same day, but, as the evidence establishes, after the filing of defendants' cross-action, one of the plaintiffs' attorneys appeared in open court and moved the court to continue the cause on account of the absence of his clients, and both he and the attorney for the defendants, or cross-plaintiffs, joined in agreement that the court should set the case for some day certain at the next term of the court, preferably Monday. The court thereupon granted the motion of plaintiffs' attorney for continuance, and also granted the request of both attorneys for the setting of the case for a day certain at the next term.

It is conceded that there was no citation or notice issued and served upon the plaintiffs notifying them of the filing of defendants' cross-action against them; the only service relied on being the constructive service by the appearance of plaintiffs' attorney after the filing of said cross-action. At the next term of the court the plaintiffs' attorney appeared and took a nonsuit for plaintiffs upon their cause of action, but declined to appear for them in the proceedings in the suit upon the cross-action. The trial court, after dismiss-

*Writ of error granted.

ing the plaintiffs' cause of action, proceeded to the trial of the cross-action.

The plaintiffs' attorney refusing to appear for them as defendants in the cross-action, the trial court thereupon appointed an attorney of Lubbock, Tex., as guardian ad litem for the minor defendants in the cross-action, and he filed his answer for them, and the case went to trial upon the cross-action and the answer so filed by the guardian ad litem, resulting in a judgment for the cross-plaintiffs and against the minors as cross-defendants in such cross-action.

■ In deference to what we interpret the decisions of our Supreme Court to hold, we feel constrained to hold that a minor, when brought into court, stands upon the same footing as other litigants, and that an appearance in the court in a cause for any purpose is as binding on the minors who are already invoking the jurisdiction of the court as such appearance would be as against an adult litigant.

■■ There is no such thing in Texas as a limited or special appearance in the courts of Texas. 4 Tex. Jur. 616, 617, §§ 3, 4. Therefore, as applied to adults, the rule is, when the attorneys for the plaintiffs appeared in the cause for the continuance of the case after the filing of defendants' cross-action, such appearance was general and for all purposes. This being true, and minor plaintiffs standing on the same plane as adults, they were bound by such appearance, and were given constructive notice of the filing and contents of the defendants' cross-action or cross-suit.. Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882, writ denied; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584.

Mrs. Annie Lee Wright, the mother of the minor plaintiffs, appeared only as next friend of the minor plaintiffs. She asserted no claim to the land in controversy, and was not a party to the suit. If the defendants desired a judgment against her, they should have cited her and brought her regularly into court. She not being a party plaintiff, and not having been served with citation giving her notice of the defendants' cross-action, there was and could be no constructive notice of the filing of such cross-action as in the case of the minors. Consequently, the trial court erred in rendering judgment against her on the defendants' cross-action.

As to the judgment in favor of the defendants as cross-plaintiffs under their cross-action against the minor defendants, such judgment is affirmed. As to the trial court's judgment in favor of cross-plaintiffs against Mrs. Annie Lee Wright same is reversed and is here rendered that the cross-plaintiffs take nothing by their suit as against her.

### On Motion for Rehearing.

The appellees have called our attention to an error in our disposition of this case. We overlooked the fact that Mrs. Annie Lee Wright was joined as a codefendant with her children in the defendants' cross-action. This being true, instead of the case against her being dismissed as provided in our judgment on the original hearing, the trial court's judgment is now reversed and remanded as to Mrs. Wright, and affirmed as to all the other plaintiffs in error.

We therefore overrule both motions for rehearing.