### SHORT v. STEPHENS et al.
### No. 4095.

Court of Civil Appeals of Texas. Texarkana. Nov. 12, 1931.

Rehearing Denied Nov. 26, 1931.

Theo Koenig, of Fort Worth, for plaintiff in error.

Cantey, Hanger & McMahon, J. H. Martin, and John L. Poulter, all of Fort Worth, and J. J. Fagan, of Dallas, for defendants in error.

WILLSON, C. J. (after stating the case as above).

Short insists the judgment against him was unauthorized because it appeared (he says) he had not been served with a citation in the cause, had not waived service on him of such a citation, and had not in any way appeared in the court below and submitted himself to the jurisdiction thereof. The contention, so far as it is that it appeared Short had not waived service of a citation on him, is not supported by the record, for it appears therein that by a writing filed in said court February 12, 1930, he thereby accepted service of Stephens' petition and waived the issuance of a citation to him, "in so far (quoting) as the cause of action set up in the plaintiff's petition filed February 12, 1930, (was) against him." It is clear, we think, that the waiver authorized the court to treat Short as before it for the purposes of Stephens' suit against him, and therefore was not without right to render judgment in Stephens' favor.

But it is not clear that the acceptance of service and waiver by Short referred to authorized the judgment so far as it was against him in favor of his codefendant Frankfurt. The holdings in Ivey v. Davis (Tex. Civ. App.) 178 S. W. 972; Wood v. Love (Tex. Civ. App.) 190 S. W. 235; Scarborough v. Bradley (Tex. Civ. App.) 256 S. W. 349; Mayhew v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957; and many other cases which might be cited, appear to support Short's contention that such acceptance and waiver occurring, as same did, before Frankfurt's cross-action was commenced, did not confer power on the court, without other notice to him, to render judgment in Frankfurt's favor on his cross-action. In disposing of this branch of the case, we would follow the holdings in the cases referred to but for the ruling of the Supreme Court in the later case of Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136, and cases following it, like Fuel Co. v. Noble (Tex. Com. App.) 36 S.W.(2d) 451, and Early v. Cornelius (Tex. Sup.) 39 S.W.(2d) 6. In the Sullivan-Doyle Case the suit was by Sullivan against Doyle as the maker of a vendor's lien note to one Botts, against one McKinley who had assumed payment of the note, and against Botts and a bank as claimants of liens on the land on which Sullivan sought a foreclosure of the lien carried by the note he sued on. Botts and Doyle, by cross-actions, set up notes and liens they respectively claimed against the land. McKinley entered his appearance in the case, but of a date prior to the filing of the cross-actions referred to. Doyle was denied any recovery upon his cross-action so far as it was against McKinley, apparently for the reason that McKinley had "entered no appearance and had not been served with citation" in such cross-action. The Supreme Court held that McKinley having entered his appearance in the main case was before the court for all purposes, and that "Doyle was entitled to judgment against him on his cross-action without the necessity of citation."

The ruling by the Supreme Court in the Sullivan-Doyle Case applies as well to the objection to the judgment in favor of the intervener Hubb Diggs Motor Company on the

ground that Short was not served with a citation notifying him of the filing of that company's cross-action against him. Wright v. Jones (Tex. Civ. App.) 33 S.W.(2d) 292; Cruz v. Paint Co. (Tex. Civ. App.) 199 S. W. 819. But there is another objection to the judgment, so far as it was in favor of said motor company against Short, of which we think this court is bound to take notice, and that is that it was wholly without pleadings to support it and for that reason fundamentally erroneous.

The judgment will be affirmed, except so far as it is in favor of the Hubb Diggs Motor Company against Short. It will be reversed in that particular and judgment will be rendered here that said motor company take nothing as against Short and that the latter recover of said company the costs of this appeal and the costs incurred by him in the court below on account of said intervention.

On Motion of Plaintiff in Error for a Rehearing.

WILLSON, C. J.

In the motion attention is called to the fact that, according to the report of the appeal in Sullivan v. Doyle, 150 S. W. 473, the Court of Civil Appeals found that the waiver of service by McKinley, while dated September 25th, was not filed until December 9th, which was "after the cause had been called for trial." It is argued that it therefore appeared that the waiver by McKinley was after the cross-actions had been filed. If that is what the finding meant, it was in conflict with that by the Supreme Court, according to the report of its action in 108 Tex. 368, 194 S. W. 136, where that court said, "McKinley entered his appearance in the case, but of a date prior to the filing of these cross-actions," and said further, "Doyle was denied any recovery upon his cross-action against McKinley apparently for the reason that as to it McKinley had entered no appearance and had not been served with citation." Evidently the ruling of the Supreme Court was on the case as it stated it, according to which it was like this one.

The motion is overruled.