No. 2590.

ROBERT HENSON *v.* NATHAN REED.

1. SUBROGATION—VENDOR'S LIEN.—Henson bought on credit a tract of land from Shelby county. Before payment of the purchase money Henson sold a part of the land to Reed for a cash payment, and the further agreement that Reed should pay two-thirds of the indebtedness from Henson to the county. At request of Reed Henson paid one of the purchase money notes for the land to the county. By agreement among the parties, after the payment of this note, the bond of the county for the land to Henson, and Henson's deed to Reed, were surrendered, and deeds were made by the county for Reed's part to him, and to Henson for the remainder of the tract. In suit by Henson for two-thirds of the purchase money paid by him at Reed's request, *held*, (1) that Henson was Reed's vendor, and that Reed's obligation to pay the county was part of the purchase money or consideration. (2) That upon Henson paying the note he was subrogated to the right of

the county to enforce its payment, and (3) Under the facts Henson was entitled to a decree establishing and foreclosing the vendor's lien against the lands he sold to Reed, and for which the county had made the deed.

ERROR from Hunt. Tried below before the Hon. George S. Perkins.

The facts are given in the opinion.

*B. F. Looney,* for plaintiff in error, cited Briscoe v. Bronaugh, 1 Texas, 326; Johnston v. Mills, 25 Texas, 704; Yarborough v. Wood, 42 Texas, 91; Senter v. Lambeth, 59 Texas, 259; Story's Equity Jurisprudence, sec. 1219; 2 Parsons on Contracts, 277; Tiedeman on Real Property, sec. 292; Beck v. Tarrant, 61 Texas, 402; 3 Pomeroy's Equity, sec. 1222.

*Montrose, Grubbs & Hefner,* for defendant in error, cited Malone v. Kaufman, 38 Texas, 458; Flynn v. Flanagan, 25 Texas, 778; Stansell v. Roberts, 13 Ohio, 156; Skagg v. Nelson, 25 Mississippi, 94; Flanagan v. Cushman, 48 Texas, 245.

STAYTON, CHIEF JUSTICE. Robert Henson bought a tract of land from Shelby county containing one hundred and sixty-six acres, for which he gave notes falling due annually. The deed made to him reserved a lien for purchase money.

Henson conveyed to Reed one hundred and eight acres of this same land, for which the latter agreed to pay seven hundred dollars, and in addition to this, two-thirds of the sum still due to Shelby county by Henson for the land. Reed paid the seven hundred dollars, and when a note executed by Henson to Shelby county for ninety-nine dollars and sixty cents, with interest due thereon, became due, Reed was unable to pay it, or his share of it, and, at request of Reed, the same was paid by Henson under promise made by Reed that he would repay to him the money so paid.

Both parties being desirous to be relieved from liability to pay to Shelby county more than the balance due on the purchase money for the land by them severally held, and to relieve their lands so far, applied to the agent for Shelby county to make a deed to Reed for the one hundred and eight acres conveyed to him by Henson, and to Henson for the fifty-eight acres still in his hands. This was done, and Reed exe-

cuted to Shelby county his own notes for the balance due on the one hundred and eight acres, as did Henson for the balance due on the fifty-eight acres still held by him.

The original deed to Henson, as well as the deed from him to Reed, was at the same time canceled, but all this occurred after Henson had paid the note at request of Reed, as before stated. This action was brought by Henson to recover two-thirds of the sum he had paid at request of Reed, and to foreclose lien on the land conveyed by him to Reed. The court rendered a judgment in his favor for the sum claimed by him, but refused to establish and foreclose the lien claimed. It is urged that the court erred in refusing to foreclose the lien.

Henson was under obligation to Shelby county to pay the note, but as between him and Reed it was the duty of the latter to have paid two-thirds of the sum due on it.

Under this state of facts we are of the opinion that Henson was entitled to be subrogated to such rights as Shelby county might have enforced had the note not been paid. That county held a lien and might have enforced it in default of payment. (Joiner v. Perkins, 59 Texas, 302; Hicks v. Morris, 57 Texas, 659.)

Henson was essentially the vendor of Reed, and the sum which the latter had agreed to pay to Shelby county on the purchase money notes, made by the former, was a part of the purchase money Reed agreed to pay for the land, and when that was paid by Henson, at request of Reed, it in so far satisfied the claim of Shelby county, but as between Henson and Reed, left so much of the purchase money, which the latter, in effect, had agreed to pay to the former, unpaid. We think the lien should have been established and foreclosed, if the proof showed that the land described in the petition was the same sold by Henson to Reed.

There is no statement of facts, but we find in the record the conclusions of fact and law found by the judge who tried the cause. The conclusions of fact find that Reed was indebted to Henson as alleged in his petition, which set out the facts as we have already stated them, and that this indebtedness was for one hundred and eight acres of land, but there is no specific finding that the land described in the petition embraces the particular one hundred and eight acres of land sold by Henson to Reed.

It is most probably true that it is the same land, and that the

finding would have been more specific upon this point but for the fact that the court deemed a finding as to this unimportant under the holding that no lien existed. In this state of the record, although the judgment will be reversed, we can not render such a judgment as the court below should have rendered on the facts.

The judgment of the court below will, therefore be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 13, 1888.