## WIFE SUBROGATED TO RIGHTS OF MORTGAGEE.

Circuit Court of Cuyahoga County.

EDWIN R. DATE v. JOSEPH P. IMHOF ET AL.

Decided, January 14, 1907.

*Subrogation—Homestead—Doctrine of Subrogation Applies where One Pays Debts of Another to Protect Her Own Rights—How Homestead Rights in Property Owned Jointly by Husband and Wife Determined.*

1. When a wife who is a joint owner with her husband of property and has with him executed a joint note and mortgage upon the property, pays the note and mortgage to protect her interest in the property, she is thereby subrogated to the rights of the mortgagee.

2. Where a husband is the owner of a three-eights interest and his wife the owner of a five-eights interest in property from which it is impossible to set off a homestead by metes and bounds, the rights

of the parties must be worked out under Section 5439, Revised Statutes, the rental value of the property appraised, and if it exceeds one hundred dollars per annum, then three-eighths of the excess above that sum will be subject to the demands of the husband's creditors.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Joseph P. Imhof is a bankrupt; Eva is his wife; Edwin R. Date is the trustee in bankruptcy of the estate of the said Joseph P. Imhof. This suit is brought by the trustee for the purpose of setting aside a certain deed made by the said Joseph to the said Eva, through the instrumentality of the trustee. Prior to the 23d day of October, 1901, the said Joseph P. and Eva Imhof had purchased a house and lot, which from the time of said purchase up to the present time, has constituted their family homestead. They are residents of Ohio, and during all the time since the purchase of said homestead, have been living together as husband and wife. At the time the home was purchased there was paid on the purchase price out of the money owned equally by the two parties, the sum of $1,000; the balance of such purchase price, viz., $700, was secured by a mortgage for that amount, executed upon this property by the said Joseph and Eva. On said 23d day of October, 1901, Joseph conveyed his interest in said property by deed, to a trustee, who on the same day conveyed the same to the said Eva. There was no valuable consideration for these conveyances. At the time of such conveyance Joseph was in debt to such an extent that he did not have sufficient property, after such conveyance, to pay his debts. Subsequent to the conveyance of Eva, and while the legal title to the entire premises was in her, there was paid of money belonging to the two, the sum of $200, on the debt secured by said mortgage. Thereafter the said Eva paid the remainder of said mortgage debt, amounting to $500. This she paid partly with money borrowed by her from her son, and partly with money borrowed by her from a friend. By so paying said mortgage the said Eva, if the title had still remained one-half in her and one-half in her husband, would have been subrogated to the rights of the mortgage to the extent of one-

half of such payment; that is, to the extent that in so paying said sum she paid one-half thereof upon the debt of Joseph, secured by the mortgage.

In the case of *Warner* v. *York*, 25th Ohio C. C. Reports, at page 316. this court said:

"Authorities are numerous, that where a grantor pays all or a part of a mortgage debt the payment of which is in terms assumed by the grantee of the mortgagor, such mortgagor is subrogated to the rights of the mortgagee in the mortgage to the extent of such payments."

The authorities cited in support of the proposition are: *Sheldon on Subrogation*, Section 3; *Kinnear* v. *Lowell*, 34 Me., 299; *Henson v. Reed*, 71 Tex., 726; *Baker* v. *Terrell*, 8 Minn., 195.

In the syllabus of the last named case, this language is used:

"A mortgagor who conveys the land subject to the mortgage and who afterward, even voluntarily, pays the mortgage debt, is entitled to be subrogated to the rights of the mortgagee against the land."

Again this court said in the same case:

"Where the vendee of mortgaged premises assumes the payment of the mortgage debt, the relation between him and the mortgage is that of principal and surety." Citing numerous authorities in support of the proposition.

Again it is said in the same opinion:

"A surety being required to pay the debt of his principal is subrogated to the rights of the creditor in any securities pledged for the payment of the debt."

In the case of *Ohmer* v. *Boyer*, 89 Ala., 273, this language is used in the syllabus:

"2. *Subrogation or equitable assignment of mortgage on payment by assignee of equity of redemption.*—Lands being conveyed by the husband on a nominal consideration, besides love and affection, in trust for the wife for life, with remainder in one-half to the heirs or devisees of each of them respectively, and the lands being at the time subject to an outstanding mortgage executed by the husband, the wife has a right to pay off and discharge the mortgage, for her own benefit and protection, either before or after her husband's death: and such payment being

made by her after his death, by allowing the mortgagee to re-
tain and appropriate the rents, she is entitled, as against the
heirs of the husband or any one claiming under him, to be
subrogated to the rights of the mortgagee, or to stand as an
equitable assignee of the mortgage.''

In *Cole* v. *Malcolm*, 66 New York, 363, it was held that the
doctrine of subrogation applies where a party is compelled to
pay the debt of a third party to protect his own rights or to
save his own property.

This was clearly the case here. The property of Eva was
mortgaged for the payment of this debt, one-half of which was
owing by her husband. The property was liable to be sold upon
foreclosure of this mortgage. To protect herself she would
have been compelled, if suit had been brought to foreclose, to
have paid off the mortgage, for the purpose of saving her own
interest in the property, and surely she could as well protect
herself by paying the mortgage before suit was brought, as to
wait until suit was brought, when she would be compelled to pay
both the debt and the costs in court in such foreclosure pro-
ceedings.

The conveyance by Joseph to his wife, being without any
valuable consideration, as between Eva and the creditors of the
said Joseph, was void, but the fact of such conveyance did not
deprive Eva of her right to be subrogated to the rights of the
mortgagee to the same extent as she would have been entitled to
be subrogated if the legal title had not already been conveyed
to her. The legal title being in her at the time of her payment
of this debt, her equitable right to be subrogated was merged
in her legal title, so that her ownership of the property, as
against the creditors of Joseph, was represented by the one-half
which she owned before Joseph conveyed to her, and the $250
which she paid for Joseph on the mortgage debt.

From the evidence we find the value of the property to be
$2,000. It follows that the ownership of Eva, as against the
creditors of Joseph is twelve hundred and fifty two thousandths
of the property. This fraction reduced to its lowest terms is
five-eighths. The equitable ownership, therefore, in Eva was

five-eighths of the entire property, leaving Joseph the equitable owner of three-eighths of the entire property.

As has already been said, this property is the homestead of this husband and wife and their family.

It is claimed on the part of the plaintiff that since Eva is the owner of a fractional part of this homestead, it must be held that she is the owner of a homestead, and that, therefore, there can be no homestead exemption out of the equitable ownership of Joseph. If this be so, it is because Eva being the owner in common with her husband of a homestead property, she is to be held to be an owner of a homestead. If this be so, it is manifest that the ratio of ownership between the two could cut no figure, and if her ownership were but one-eighth instead of five-eighths of the entire property she must still be held to be owner of a homestead.

Indeed if instead of one-eighth her ownership was but one-fiftieth of the entire property, she must be held to be the owner of a homestead, and so no exemptions could be claimed by either her or Joseph in his interest in the property.

This is manifestly unjust and would seem to be absurd.

We are impressed with the soundness of much of the reasoning of Judge Blandin in the case of *Prosek* v. *Kuchia*, reported in 11 Weekly Law Bulletin, 65.

Although we reach a conclusion less favorable to the wife than was reached in that case, we think, however, it is clear that the wife here can not be said to be the owner of a homestead. The two together are the owners of a homestead, and it is provided in Section 5436, Revised Statutes, that husband and wife living together, may claim a homestead exemption. Here they may be then claiming it out of their joint property. This joint property, as has already been said, consists of a home worth $2,000, of which the wife is the owner of five-eighths.

It is manifest that no homestead can here be set forth to anybody by metes and bounds, and so the rights of the parties must be worked out under Section 5439, Revised Statutes, which provides that: In case a homestead can not be set off by metes and bounds, the rental value of the property shall be appraised and the rent "over and above one hundred dollars shall be payable .

in quarterly payments, commencing three months from the time of the levy of the execution.''

Since the wife is the owner of five-eighths of this property, it is manifest that that fractional part of the rent can not be applied in payment of the husband's debts. This results in holding that the rental value of this property shall be appraised in pursuance of the provisions of Section 5439 of the Revised Statutes, that the annual rental shall be appraised, and if such rental exceeds $100, then three-eighths of such excess shall be subjected to the payment of the debts of Joseph, and therefore shall be paid to the plaintiff in this action, and a decree shall be entered accordingly.

---

### EXCEPTIONS TO AN APPRAISEMENT.