NIX et al. v. ALBERT PICK & CO.
(No. 6009.)

(Court of Civil Appeals of Texas.   San Antonio.
April 24, 1918.   Rehearing Denied
June 5, 1918.)

1. MORTGAGES ☞284—ASSUMPTION OF DEBT
BY PURCHASER.

Purchaser who agreed to discharge mort-
gages on five lots, only four of which she pur-
chased, under vendor's assurance that no in-
terest was then due, and was compelled to pay
interest then due, with 10 per cent. attorney's
fees, could recover such amount from the
vendor.

2. VENDOR AND PURCHASER ☞259 — PUR-
CHASE-MONEY LIENS.

Where vendor owned five lots, four of which
were subject to trust deed, and he sold the fifth
lot and three others on consideration that the
vendee discharge the trust deeds on all of them,
and the mortgagee without his consent released
one lot and then sought foreclosure, the ven-
dor was entitled as against the vendee to a lien
on the two unincumbered lots, until the mort-
gage lien was discharged.

3. MORTGAGES ☞580—TRUST DEEDS—FORE-
CLOSURE—COSTS.

Where vendor owned five lots, four of which
were subject to trust deed, and he sold the
fifth lot and three others on consideration that
the vendee discharge the trust deeds on all of
them, and she failed to do so, all costs should
be awarded against her in the foreclosure suit.

Appeal from District Court, Bexar County;
J. T. Sluder, Judge.

Suit by Albert Pick & Co. against D. H.
and Mary E. Touzalin, J. M. Nix, and others.
From the judgment rendered, Nix and others
appeal.   Affirmed in part, and reversed and
rendered in part.

Henry C. King, Jr., M. L. Roark, and Don
A. Bliss, all of San Antonio, for appellants.
W. M. Pardue, Lewright & Douglas, and C. A.
Keller, all of San Antonio, for appellee.

SWEARINGEN, J.   Albert Pick & Co.
brought this suit against D. H. and Mary E.
Touzalin, J. M. Nix, the appellant, and others,
to recover the amount of a note executed by
J. M. Nix and assumed by Mary E. Touzalin,
and to foreclose a deed of trust lien given
by the said Nix to secure the payment of the
note.   Both Nix and Mrs. Touzalin admitted
the cause of action alleged by Albert Pick &
Co.   The suit resolved itself into a contest be-
tween Mary E. Touzalin and J. M. Nix; the
former pleading that she was induced to pur-
chase the property by the misrepresentation
of Nix to the effect that there was no accrued
interest on the notes assumed by Mrs. Touza-
lin up to October 13, 1913, the day of the
purchase, whereas in fact there was accrued
interest to the amount of $380 on each of the
three notes.   Mary Touzalin admitted that
she learned that there was $380 accrued in-

terest on the first of the three notes before she purchased, which interest was assumed by her in the purchase; but she alleged that she relied upon the statement of Nix to the effect that the other two notes had no interest accrued up to the day of the purchase. She therefore sued for the sum of the two amounts of interest accrued on the day of the purchase, which aggregated $760, upon which sum she asked for 6 per cent. interest per annum from date of purchase and for 10 per cent. as attorney's fees. Nix denied the allegations of misrepresentation concerning the accrued interest, and alleged in substance that he sold to Mary E. Touzalin houses and parcels of land, identified as A, C, D, and F. Each parcel is described by metes and bounds in the plat made a part of the decree. Parcel A is on the N. E. corner of Augusta street and Baltimore avenue. Parcel C is on the S. E. corner of Baltimore avenue and a 10-foot alley opening into Baltimore avenue, and is between and parallel with Augusta and Dallas streets. This parcel C is a rectangle facing 97 feet on Baltimore avenue and 79 feet on the said 10-foot alley. Parcel D is on the N. E. corner of the said alley and Baltimore avenue. Parcel F is on the S. E. corner of Baltimore avenue and Dallas street. This parcel (F) was conveyed to Mary Touzalin, but was not incumbered with the deed of trust lien. Parcel B faces south on Augusta street and its S. W corner is 58.51 feet from the N. E. corner of Baltimore avenue and Augusta street. This parcel B was not conveyed to Mrs. Touzalin, but was incumbered with the deed of trust for the benefit of Pick & Co. Nix further alleged that the sole consideration promised to be paid by Mary Touzalin for the property deeded to her was her promise to pay the indebtedness secured by the deed of trust executed by Nix for the benefit of Albert Pick & Co. and the promise to pay $2,000, secured by a mechanic's lien. This $2,000 was paid, and is eliminated from our further consideration. Nix alleged that he owns a vendor's lien on the properties conveyed by him to Mary Touzalin, viz. parcels A, C, D, and F, because the consideration promised to be paid for same has not been paid. Nix prayed that his vendor's lien be foreclosed on parcels D and F, in the event parcels A and C failed to sell for an amount sufficient to pay in full the Albert Pick & Co. indebtedness and costs. Special issues were submitted to a jury. Judgment was rendered in favor of Albert Pick & Co. as prayed for, and in favor of Mary E. Touzalin against J. M. Nix for the $760 interest accrued on the date of purchase, together with interest at 6 per cent. per annum from that date to the date of the judgment and also for attorney's fees of 10 per cent. of the amount of the $760 and interest. Judgment was rendered against Nix on his alleged vendor's lien.

There is no dispute about the facts in this case, except as to the representations concerning the interest accrued at the date of the purchase, and the jury determined that issue in favor of Mary Touzalin against Nix. The first proposition submitted under the first, second, and third assignments is:

"The cause of action pleaded by Mary E. Touzalin over against J. M. Nix being an action for damages against the said Nix alleged to have been suffered by her by reason of being induced to purchase the properties by means of false representations made to her by the said Nix, her measure of damages was the difference between the value of the properties at the time of the purchase and the price she paid."

Mrs. Touzalin pleaded facts entitling her to one of three remedies, namely, to rescind, to recover damages caused by the purchase, and also to recover the excess incumbrance on the property. The latter was awarded her.

[1] Mary Touzalin promised to pay an indebtedness of $32,000 for the property. Nix accepted this promise and conveyed the property in consideration thereof. The indebtedness was $32,760. Mary Touzalin never promised to pay this excess of $760, but because it was secured by a lien on the property she was compelled to pay it. She should recover that amount from Nix if she actually paid it, or if it is paid out of the property she purchased.

The second proposition submitted under the first, second and third assignments is that it was error to adjudge attorney's fees of 10 per cent. on the $760 against Nix. The notes made by J. M. Nix. and assumed by Mrs. Touzalin required the payment of 10 per cent. of the amount as attorney's fees. Mary E. Touzalin never assumed or promised to pay the $760. She did not owe it and did not owe the attorney's fees on it. As the $760, together with 10 per cent. attorney's fees, was adjudged to be a lien against the property purchased by Mrs. Touzalin, it was fair that she recover the attorney's fees together with the $760, none of which did she owe. The first, second, and third assignments are overruled.

[2, 3] The fourth and fifth assignments contend that the court erred in refusing to enforce Nix's vendor's lien on parcels D and F, both of which were conveyed by Nix to Mrs. Touzalin in consideration of the promise to pay the indebtedness made the basis of this suit by Albert Pick & Co. The parcel F, which is on the corner of Baltimore avenue and Dallas street, and on which are two buildings, was never incumbered by the Pick deed of trust. The parcel D was released by Pick & Co. to Mary Touzalin from the deed of trust without the knowledge or consent of Nix. Mrs. Touzalin, therefore, held both parcels D and F free from the deed of trust lien. The decree in this case enforces the deed of trust lien against the parcels A and C, purchased by Mrs. Touzalin, and also against parcel B, fronting on Augusta street, and on which there was a building, No. 503,

which said parcel B had never been conveyed to Mrs. Touzalin. These facts present the following situation: Mrs. Touzalin acquired title to parcels F and D free from the deed of trust lien, though the consideration she promised to pay for same was the payment of the indebtedness secured by the deed of trust. On the other hand, the property of Nix, being parcel B, is incumbered and adjudged to be sold to pay the indebtedness which Mrs. Touzalin obligated herself to pay as a consideration for the conveyance to her by Nix of parcels F, D, A, and C. Mr. Nix owned a vendor's lien against parcels F and D, which lien will continue until the entire consideration promised by Mrs. Touzalin is paid. Briscoe v. Bronaugh, 1 Tex. 326, 46 Am. Dec. 108; Senter v. Lambeth, 59 Tex. 259; Henson v. Reed, 71 Tex. 726, 10 S. W. 522; Howe v. Harding, 76 Tex. 17, 13 S. W. 41, 18 Am. St. Rep. 17; St. L., A. & Tex. Ry. Co. v. Henderson, 86 Tex. 307, 24 S. W. 381; Levy v. Tatum, 43 S. W. 941; White v. Street, 67 Tex. 177, 2 S. W. 529; Clark v. Collins, 76 Tex. 33, 13 S. W. 44; Woodruff v. Erie Ry. Co., 93 N. Y. 626; Marshall v. Davies, 78 N. Y. 421; 39 Cyc. 1802; Huyler's Ex'rs v. Atwood, 26 N. J. Eq. 504; Coolidge v. Smith, 129 Mass. 554; Ballin v. Dillaye, 37 N. Y. 35; Cashman v. Henry, 75 N. Y. 103, 31 Am. Rep. 437. The court erred in refusing to render judgment foreclosing Nix's vendor's lien against parcels F and D as well as his vendor's lien against parcels A and C. The vendor's lien on A and C is subordinate to the deed of trust lien; nevertheless there is a vendor's lien on A and C, and the judgment should foreclose it. The fourth and fifth assignments are sustained.

The sixth assignment complains of the award of the costs of the suit against Nix. We sustain the assignment. This suit was caused by the default of Mrs. Touzalin. She promised to pay the Pick notes and thereby release the deed of trust on parcel B, the property of Nix. She acquired parcels F and D free from the deed of trust, and because she was a feme covert was not personally liable for her contractual obligation. She appears satisfied to hold the parcels F and D and to sacrifice parcels A and C rather than pay the $13,153.80 against A and C, notwithstanding the fact that Nix's property, parcel B, is also incumbered with a lien to secure the payment of the $13,153.80, which she promised to pay as a consideration for parcels F and D, as well as A and C. All costs should be awarded against her.

The judgment in favor of Albert Pick & Co. is not appealed from, and we do not disturb the judgment in so far as it concerns Albert Pick & Co., except in the order of the sale of the parcels. That part of the judgment which awards the $760, with interest and attorney's fees, in favor of Mr. and Mrs. Touzalin against J. M. Nix is affirmed. Judgment is here rendered in favor of J. M. Nix against Mary E. Touzalin and her husband, D. H. Touzalin, foreclosing Nix's vendor's lien against parcels F, D, A, and C.

It is here ordered, adjudged, and decreed that parcels A and C be first sold. If these parcels bring a sufficient sum to pay the Albert Pick & Co. judgment, together with all costs, then that no other parcels be sold, and the deed of trust lien, as well as the vendor's lien, shall be canceled. But if parcels A and C do not sell for enough to pay the said indebtedness of Pick & Co. and all costs and attorney's fees, then it is here ordered that the vendor's lien owned by J. M. Nix on parcels F and D be foreclosed, and it is ordered that the said parcels F and D be next sold and so much of the proceeds of said sale as shall be necessary shall be applied to the payment of the Pick & Co. judgment and all costs, the balance, if any, to be paid to Mary E. Touzalin. It is further ordered that in the event parcels F and D fail to sell for an amount sufficient to pay the Pick & Co. judgment and all costs, then that parcel B be sold and so much of the proceeds as necessary be applied to satisfy the judgment in favor of Pick & Co. and all costs, the balance, if any, to be paid to J. M. Nix. Should all the parcels above mentioned, namely, A and C and F and D and B, fail to sell for a sum sufficient to satisfy the Albert Pick & Co. judgment and all costs, then it is adjudged and decreed that Albert Pick & Co. do have a personal judgment against J. M. Nix for the balance of the judgment and for all costs. It is further ordered that in the event either parcels A, C, F, or D, or all of them, sell for enough to pay the Albert Pick & Co. judgment and all costs, then that Mary E. Touzalin do have and recover of J. M. Nix the sum of $1,033.16, for which let execution issue.

The judgment of the trial court is undisturbed in part, affirmed in part, and reversed and rendered in part.