RECTOR v. BROWN. (No. 5937.)

(Court of Civil Appeals of Texas. Austin. Oct. 12, 1918. Rehearing Denied Feb. 12, 1919.)

1. JUDGMENT ⬤═614(2)—MERGER AND BAR— INDEBTEDNESS AND LIEN.

A judgment of foreclosure in an action by a vendor of land against purchasers of vendee who had assumed incumbrances, the amount claimed in the suit being interest which the vendor had been required to pay on a mortgage to protect his interest as the holder of a vendor's lien note, and for interest on the note, did not estop him from subsequently suing the vendee for the amount of the note; the vendee not being a necessary party to the foreclosure proceeding.

2. VENDOR AND PURCHASER ⬤═279 — FORE-CLOSURE—NECESSARY PARTIES.

Where a vendee sold the land purchased subject to incumbrances, he was neither a proper nor a necessary party to an action by the vendor to foreclose.

3. ESTOPPEL ⬤═68(2) — EQUITABLE ESTOP-PEL.

A vendor who obtained a judgment of foreclosure in an action against purchasers of the vendee who had assumed incumbrances, foreclosure being for interest paid on a mortgage to protect the vendor's lien note and for interest on the note, and purchased the property at an extremely low price at the sheriff's sale, and thereafter sold it for a large sum, was not estopped in equity to subsequently sue the vendee for the face of the vendor's lien note, although the vendee had no knowledge of the foreclosure proceeding.

4. ESTOPPEL ⬤═68(2) — EQUITABLE ESTOP-PEL.

Where vendor obtained judgment of foreclosure against purchasers from vendee for interest on a vendor's lien note, and bought at the foreclosure sale for an extremely small amount, and resold for a large amount, that he fraudulently prevented the land from selling at a fair price was immaterial in an action by the vendor against the vendee on the note, where the vendee did not seek to have the sale set aside, nor claim damages on account of fraud.

5. ELECTION OF REMEDIES ⬤═3(4) — FORE-CLOSURE OF VENDOR'S LIEN.

Where vendor brought an action against purchasers of vendee to foreclose, there was no election of remedies, and he could subsequently sue the vendee on an unpaid vendor's lien note.

Appeal from Hamilton County Court; Joe H. Eidson, Judge.

Suit by E. W. Rector against Hugh Brown. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Dewey Langford and P. M. Rice, both of Hamilton, for appellant.
Arthur R. Eidson, of Hamilton, for appellee.

KEY, C. J. E. W. Rector brought this suit against Hugh Brown, seeking to recover a personal judgment against him upon a promissory note for $646, interest, and attorney's fees. The defendant answered by general demurrer, general denial, and special plea, setting up the following facts, as shown by appellee's brief:

"On October 13, 1911, the appellant conveyed to the appellee 237 acres of land in Hamilton county. The consideration for this conveyance was $2,100, part of the consideration being paid

in cash and a loan of $1,000 being procured, the proceeds of which loan was paid to the appellant, and the execution of the note sued on herein for $646, the note being recited in the deed, however, as a $600 note, the deed from appellant to appellee having been executed upon the understanding and agreement that a loan would be procured, and the deed does not recite the .true consideration, the true consideration being $2,100, and the deed recites a consideration of $2,333. Afterwards the land was conveyed by appellee to L. L. Wilson, and Wilson assumed the payment of the mortgage against the land and also the note sued on.

"On December 15, 1913, Wilson conveyed the land to Sears, Sears likewise assuming the payment of the loan and the note. Afterwards Sears conveyed the land to Murphy, but Murphy did not assume the payment of the note or the loan.

"On the 4th of August, 1915, E. W. Rector, the appellant, being the legal and equitable owner and holder of the note, filed suit in the district court of Hamilton county against Hugh Brown, this appellee, Maude·Brown, appellee's wife, L. L. Wilson and husband, R. K. Wilson, John L. Sears and O. A. Murphy, alleging the execution of a deed from appellant to appellee to the land described in said deed and in the pleadings of the parties to this suit; alleging the execution of the note and the mortgage, and reciting the consideration ·for the conveyance from appellant to appellee, and alleging·that the mortgage of $1,000 was prior and superior to .the note; alleging the execution of certain coupon notes, being interest notes by appellee, and alleging that the appellee and the other defendants in said suit had failed to pay the first coupon which fell due, and that the holder of all of said coupons was threatening to mature all of them; and that appellant, in order to protect his equity in the land, on the 17th of February, 1915, paid said coupon, which was due December 1, 1914, amounting to $89.10, and that by virtue of said payment was in equity subrogated to the rights of the mortgage company and entitled to a lien on said land. He further alleged that the parties defendant, the maker, nor the persons who had assumed the payment thereof, had not paid the interest on the $646 note, being the one sued on in the present case; and he prayed for judgment for the $89.10, the amount of the coupon he had paid, and the interest on the $646 note, and for attorney's fees.

"On the 8th of September, 1915, he dismissed his suit against defendant Hugh Brown, defendant L. L. Wilson and R. K. Wilson, and took judgment with writ of inquiry against defendants Maude Brown, John L. Sears and O. A. Murphy, and on the 9th of September, 1915, final judgment was rendered against John L. Sears for the sum of $152, and judgment of foreclosure was rendered against John L. Sears and O. A. Murphy foreclosing the lien on account of the coupon note hereinbefore described, and $58.22, interest and attorney's fees on the $646 note, the judgment providing for the issuance of an order of sale and directing that if said land shall sell for more than sufficient to pay off and satisfy said sums of money, that the officer be directed to pay the excess to the defendant O. A. Murphy. That an order of sale issued, and said. land was sold to the plaintiff

for the sum of $50, a grossly inadequate price, the land being of the value of $2,500. Deed was made to appellant by the sheriff on the 2d of November, 1915. Afterwards the appellant, in consideration of the sum of $2,100 conveyed the land to Vada Lovelace. That the consideration recited was $2,400, but the actual and true consideration was $2,100. That appellant recited in the deed that there was no other lien against said land except the $1,000 mortgage loan, and he released the lien retained in the deed to secure said $646 note. He also indorsed on the note the following: 'This note is no longer a vendor's lien against the land for which it was given in payment.'

"Appellee knew nothing about the suit brought in the district court, and did not know the land was to be sold until after it was sold. Appellant realized more out of his foreclosure proceedings and the sale of the land than enough to pay the note and the amount of his judgment and the loan against the land. The truth of the allegations of appellee's answer was in open court admitted. This is shown by the judgment."

The plaintiff excepted to the plea referred to, which exceptions were overruled, and that ruling is assigned as error. The plaintiff introduced in evidence the note sued upon, and after the ruling referred to was made, he admitted that the facts were as stated in the special plea, and thereupon the court instructed a verdict for the defendant, which was returned, and judgment was rendered thereon in his, behalf, and the plaintiff has appealed.

### Opinion.

In the appellee's special plea referred to, after alleging the facts heretofore stated, he alleged, as a legal conclusion, that appellant was not entitled to recover, because under the facts referred to he was estopped from collecting the note sued on; and, second, inasmuch as he had elected to prosecute to. successful termination the suit referred to in the district court, he had exercised his right of election of remedies, and was therefore precluded from maintaining this suit.

Counsel for appellant assert the following. propositions of law, each of which is regarded by this court as substantially correct and applicable to this case:

First: "Where the judgment pleaded as an estoppel was based on causes of action wholly different and distinct from that asserted in the pending suit, and the defendant was not a party to the former suit, there can be no estoppel by record."

Second: "An estoppel in pais cannot arise except by the acts and declarations of a person by which he designedly induces another to alter his position injuriously to himself, and the following elements must concur: (1) There must have been a representation or concealment of material facts. (2) The representation must have been made .with knowledge of the facts. (3) The party to whom it was made must have been ignorant of the truth of the matter. (4) It must have been made with the intention that

the other party would act on it. (5) The other party must have been induced to act on it."

Third: "To sustain a plea of election of remedy it must appear that plaintiff had two valid and inconsistent remedies, and that he undertook to enforce one of them."

[1-4] We do not deem it necessary to enter upon an extended discussion of the questions of law involved in this case, and stated in the foregoing propositions. As appellee was not a necessary party, and was not in fact made a party to the suit in the district court, and as the subject-matter of that suit was wholly different and distinct from the subject-matter of this suit, it is quite clear that the judgment there rendered could not operate as an estoppel in this case. It is also equally clear that the facts pleaded by appellee, and admitted by appellant to be true, do not contitute an estoppel in pais, or an equitable estoppel. If it be conceded ·that appellee would have been a proper party to the former suit, he was not a necessary party thereto, and therefore appellant had the right to prosecute that suit to judgment without making him a party; and the exercise of that right cannot form the basis of an estoppel against appellant. Having obtained a judgment of foreclosure in that suit, appellant had the right to bid on the land when ₁it was sold by the sheriff, and, having done so and become the purchaser of the land, he is not estopped from the collection of the note because of the fact that the land sold at sheriff's sale for much less than it was worth and appellant has since sold it for four of five times as much as it cost him. It is not alleged that appellant was in any wise to blame for the land not selling for more than he bid for it, and even if it had been so alleged, it would have been immaterial in this case, because appellee did not seek to have the sale set aside; nor did he claim damages upon the ground that appellant had fraudulently prevented the land from selling for more than it was sold for. When appellant bought the land at that sale he acquired title to it, and it is immaterial that he thereafter sold it for a profit. It is also quite clear that the fact that he bought the land at that sale for less than its value does not create any equity in favor of appellee, and relieve him from his obligation to pay the note.

[5] As to the question of election, it is sufficient to say that when appellant brought the district court suit he had no right to and did not sue for the debt which constitutes the subject-matter of this suit, and therefore he is not estopped upon the doctrine of election. To constitute such an election, the party must have more than one remedy available at the time and applicable to the subject-matter of the subsequent suit, which was not the case when the former· suit was brought.

For the reasons stated, we hold that the trial court should have sustained appellant's exceptions to appellee's special pleas; and as he presented no other defense, the judgment of the court below is reversed, and judgment here rendered for appellant for the amount due on the promissory note, which constitutes his cause of action.

Reversed and rendered.