## BROWN v. FARQUHAR. (No. 6242.)

(Court of Civil Appeals of Texas. Austin.
Oct. 20, 1920. Rehearing Denied
Nov. 24, 1920.)

1. Subrogation ⚖➔23(6)—Vendee paying vendor's lien note assumed by subsequent vendee entitled to foreclose lien.

Where vendee conveyed the land to one who assumed payment of a note secured by a vendor's lien, and it was subsequently conveyed several times until conveyed to one who did not assume payment of the note, and the original vendor foreclosed to collect interest which he was compelled to pay on a mortgage existing at the time of the original deed, and interest due on the vendor's lien note, and purchased at the foreclosure sale, to which the vendee was not a party, and subsequently conveyed the land to another, undertaking to release the vendor's lien, the original vendee is entitled, upon being compelled by the original vendor to pay the note, to foreclose the vendor's lien upon the land, being subrogated to the rights of the original vendor.

2. Subrogation ⚖➔23(6)—Provision in deed as to assumption of payment of note a contract lien.

Where vendee in his deed to another took an express assumption of payment from his grantee for a note secured by vendor's lien and expressly retained a lien to secure the same, he received more than a mere personal promise of the grantee to pay the note, and in substance took an express contract lien to secure the part of the purchase money he him-

self owed in the purchase of the land and for which he was obligated, and he thereby retained an interest in the land for which he was entitled to protection in a court of equity, if it could be done without injustice to others.

### 3. Judgment ⊂⇒739—Judgment in action on vendor's lien note no bar to enforcement of subrogation.

Where vendor of land sued vendee on note which had been secured by a vendor's lien and recovered a judgment, such judgment did not bar an action by the defendant to have a foreclosure on the land under the vendor's lien under the doctrine of subrogation, land having been conveyed by defendant to persons who assumed payment of the note, and plaintiff having foreclosed his vendor's lien for interest due on the note and a prior mortgage, and having purchased and resold the land, especially where such judgment was rendered in the county court, which had no jurisdiction to foreclose a lien upon the land.

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Suit by Hugh Brown against W. A. Farquhar. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Eidson & Eidson, of Hamilton, for appellant.

Dewey Langford and P. M. Rice, both of Hamilton, for appellee.

BRADY, J. Appellant sued appellee to foreclose a vendor's lien on certain land, alleging that on October 11, 1911, he purchased this land from E. W. Rector, and as part of the consideration executed the $600 note described in the petition; that the vendor's lien was retained in the deed and in the note to secure the payment of such note; that on November 29, 1913, he (appellant) sold the land to L. L. Wilson, and as a part of the consideration Wilson assumed the payment of the note, and a lien was expressly retained in the deed to secure it. On December 15, 1913, Wilson conveyed the land to Sears, who assumed payment of the note, and a lien was expressly retained in the deed to secure it. On January 27, 1915, Sears conveyed the land to Murphy, who did not assume payment of the note.

On August 4, 1914, Rector filed suit in the district court of Hamilton county, Tex., to recover the annual interest due on this note, the principal not being due, and to recover on one certain interest coupon, which he alleged he had been compelled to pay to a mortgage company for an incumbrance existing at the time of the original deed to appellant, and claiming that he was subrogated to the rights of the mortgage company. Appellant was made a party to this suit, but was never served with citation, and the suit was dismissed as against appellant, L. L. Wilson, and R. K. Wilson, and judgment was taken

only against appellant's wife, Sears, and Murphy, with writ of inquiry. Final judgment was taken only against Sears for the sum of $152.27, being the amount of the interest due on the vendor's lien note and the coupon note paid by Rector to the mortgage company, and for foreclosure of the vendor's lien. Under this judgment of foreclosure, the land was sold and purchased by Rector for the sum of $50, and he received a sheriff's deed to the same on the day of the sale, November 2, 1915.

On December 13, 1915, Rector conveyed the land to one Lovelace, with the recited consideration in the deed of $960 cash, three vendor's lien notes aggregating $440, and the assumption of the $1,000 loan held by the mortgage company. The deed recited that this loan was the only indebtedness at such time against the land conveyed. Contemporaneously Rector executed and delivered an instrument to Lovelace, which was filed for record shortly afterwards, in which the previous transactions were briefly recited, and in which Rector, as the legal owner and holder of the note, expressly declared that he did not hold the Brown $600 note against the land, but that he released the vendor's lien securing the same so far as Lovelace, his heirs and assigns, were concerned, and expressly stating that he did not intend by the instrument to release Brown, the maker of the note, or any one assuming payment thereof. On February 2, 1918, Lovelace conveyed the land to appellee, W. A. Farquhar.

All the deeds were duly and promptly filed for record, and it was also alleged that appellee had actual notice of the existence of said note, and that it had not been paid when he acquired the land.

Appellant also alleged and proved that Rector recovered judgment on the note in the county court of Hamilton county, but did not seek a foreclosure of the vendor's lien, that such suit was contested by appellant, but judgment went against him, which was affirmed by this court, and that he was compelled to pay and did pay such note with interest. The money was paid to the sheriff, and appellant notified appellee of such payment, and it was then agreed by Rector, Lovelace, and Farquhar that the money should remain in the hands of the county clerk until this suit was determined.

Appellant also tendered into court the amount of the judgment in cause No. 2210, Rector v. Brown et al., being the foreclosure suit in the district court heretofore mentioned. The amount deposited covered the interest on this judgment to the date of trial; and appellant asks for an adjustment of the equities in this suit, and for foreclosure of the vendor's lien on the land.

Appellee defended by plea of res judicata, setting up the judgment in the county court and in this court of Rector v. Brown, and in

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

addition to this plea alleged that the fee-simple title to the land was in Rector, and that he had conveyed it to Lovelace, and Lovelace to appellee.

The case was tried without a jury, and the court rendered a general judgment for appellee.

## Opinion.

The appellant bases his claim for equitable relief in this suit substantially upon these grounds: That in the conveyance to him and in the note a lien was expressly retained to secure payment for part purchase money, and that afterwards he sold the land to Wilson, who expressly assumed payment of the note, and in the deed to Wilson appellant retained a lien to secure payment of the note; that, having paid the note, and all the purchasers of the land, including appellee, having had notice, at the time they purchased, that the note was unpaid and of the retention of the vendor's lien in the conveyances, appellant is entitled, for his protection, upon offering to do equity, to a foreclosure of the vendor's lien against the land. Amplifying this general claim, he contends Rector had no right to release the note and vendor's lien, to the prejudice of his equity, by the agreement with Lovelace and his assigns, and that appellee purchased the land with the notice, both constructive and actual, that the note was outstanding and unpaid, and with such notice of the liens retained to secure its payment, and also of the holder's intention to enforce payment.

To these contentions appellee replies that the judgment of this court in Rector v. Brown, 208 S. W. 702, is a bar to the instant suit, which is claimed to be a collateral attack thereon. It is also urged that appellant's remedy, if any, is against Rector for releasing the vendor's lien, but that such lien, being an incident of the debt, has been extinguished by the payment of the note, and by the merger of the lien in the fee when Rector purchased at the sheriff's sale.

Appellant cites a number of authorities which it is not claimed are in point as to the exact facts involved, but which are claimed to be applicable in principle. We have examined these authorities, and it is believed that the principles announced in the following cases are controlling of the questions involved on this appeal: Henson v. Reed, 71 Tex. 726, 10 S. W. 522; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821.

In Henson v. Reed, supra, it appeared that Henson bought a tract of land from Shelby county on credit. Before payment of the purchase money he sold a part of the land to Reed for cash and the further agreement that Reed should pay two-thirds of the indebtedness from Henson to the county. At Reed's request, Henson paid one of the purchase-money notes to the county. Afterwards, by agreement of the parties, deeds were made by the county to Reed and Henson for their respective portions of the land. In a suit by Henson for two-thirds of the purchase money paid by him at Reed's request, it was held that Henson was essentially Reed's vendor, and that Reed's obligation to pay the county was part of the purchase money or consideration, and that, upon Henson's paying the note, he was subrogated to the right of the county to enforce its payment, and was entitled to a decree establishing and foreclosing the vendor's lien against the lands he had sold to Reed, and for which the county had made the deed. In the opinion, at page 728 of 71 Tex., at page 523 of 10 S. W., it was said:

"Henson was essentially the vendor of Reed, and the sum which the latter had agreed to pay to Shelby county on the purchase-money notes made by the former was a part of the purchase-money Reed agreed to pay for the land, and when that was paid by Henson, at request of Reed, it in so far satisfied the claim of Shelby county, but as between Henson and Reed left so much of the purchase money which the latter in effect had agreed to pay to the former, unpaid. We think the lien should have been established and foreclosed, if the proof showed that the land described in the petition was the same sold by Henson to Reed."

In Pierce v. Moreman, supra, Pierce, a subvendee of land subject to the vendor's lien, brought suit against the purchasers of the land under foreclosure proceedings, in which he was not made a party, although his deed was on record and he was in possession. Suit was brought promptly and tender made of the amount of the foreclosure sale, with a tender to do such equity as the court should adjudge. It was held that the plaintiff had the right to redeem the land and was entitled to a decree. At page 601 of 84 Tex., at page 823 of 20 S. W., after discussing some of the cases cited by appellant in the instant case, the court said:

"These quotations from the opinions in the cases referred to clearly show that it was not the intention of this court to deny to a subvendee, not made a party to the foreclosure proceeding, the right to pay for the land and thus obtain title to it, whether the purchaser was the original vendor or some other person, if the equities of a subvendee were such as to entitle him to relief under the general rules of equity applicable to the rights of vendor and vendee. Equities of a subvendee not made a party to proceedings to enforce a vendor's claim for money by sale of the land are as strong against a purchaser at such a sale, having knowledge of his rights, as are they between the original vendor and vendee. It matters not whether the relief be sought by a subvendee by a suit against the purchaser, practically to enforce the right of redemption, or to establish his right to pay for and to have the land, or be set up by him in an action by the purchaser to recover the land, and when set up in either manner such equities will be enforced in all proper cases."

[1] Applying these principles to the present case, we are of the opinion that Brown is entitled, upon adjustment of the equities, to a foreclosure upon the land in controversy, protecting him against loss through the payment of the $600 note, which was originally secured by express lien in the deed from Rector to Brown, and in the deed from Brown to Wilson. We think it cannot be doubted that if, at the maturity of this note, it and the lien securing the same had been held by Rector, and Brown had been required to pay the same, he would have been subrogated to Rector's rights, and to the remedy of foreclosure against Wilson, or any subsequent vendee. His rights cannot be less simply because in a foreclosure suit, to which Brown was not made a party, and not based upon the principal indebtedness for which the lien was given, Rector foreclosed and bought under sheriff's sale, nor because Rector, after acquiring the title conveyed by the sheriff, undertook to release the lien as to his own vendee. These parties took with notice that the note had not been paid, and with full notice of Brown's rights, and are in no better position than Rector would have been had he retained the land.

[2] In addition to what has been said, we think there is another ground upon which Brown must be held to be entitled in equity to the remedy of foreclosure in this suit upon his offer to do equity. When Brown, in his deed to Wilson, took an express assumption of payment from Wilson for the $600 note, and expressly retained a lien to secure the same, he received more than a mere personal promise of Wilson to pay the note. In substance, he took an express contract lien, which was to secure the part of the purchase money he himself owed Rector in the purchase of the land, and for which he was obligated and a lien had been retained. These facts gave Brown an interest in the land which he still retains, and for which he is entitled to protection in a court of equity, if it can be done without injustice to others. This lien Rector did not attempt to release, and could not have released, and Brown's rights were not affected by the foreclosure suit in the district court, to which he was not made a party.

So that both upon principles of subrogation and as the holder of an express lien Brown, upon the payment of the $600 note, is entitled to foreclosure upon the land, to protect himself against loss; all parties affected by this suit having had notice, actual or constructive or both, of his equities.

As to the question of merger of the vendor's lien in the title secured by Rector at the sheriff's sale, we think it sufficient to say that there was no such merger as would preclude Brown from asserting his equities, he not being a party. Certainly it is also true that the judgment and sale thereunder could have had no effect upon the lien retained by Brown in his deed to Wilson securing the payment of the note.

[3] There only remains to be considered the question of the effect of the judgment in Rector v. Brown, 208 S. W. 702. We cannot agree with appellee that that suit is a bar to the present suit. All that was decided in that case was that Rector was entitled to recover against Brown a personal judgment upon the $600 note, and that he was not estopped or in any wise precluded by the foreclosure of lien in the district court, the purchase at sheriff's sale, the conveyance of the land to Lovelace, and the release of the vendor's lien in the agreement with Lovelace. It appears from the report of the case that Brown urged substantially two defenses to the suit on the note, first, estoppel, and, second, election of remedies, both of which were decided against him by this court. Therefore it would seem that the only questions adjudicated in Rector v. Brown were the right of Rector to recover a personal judgment on the note and the inadmissibility of Brown's defenses of estoppel and election of remedies. The subject-matter in controversy in this suit was not and could not have been properly adjudicated in that case.

It is true that the matters now relied upon by Brown for relief in the present case were set up in his answer in Rector v. Brown as defenses to the suit. Nevertheless it is clear that neither party sought to have adjudicated the question of Brown's right, upon payment of the note, to subrogation or to a foreclosure of lien to protect his interests, and to enforce Wilson's promise to pay the note. Indeed, such a controversy could not have been determined in that suit, for the reason that the county court had no jurisdiction to foreclose a lien upon land; therefore no jurisdiction to decide the question whether Brown was entitled to such right and remedy.

We are convinced that appellant is entitled, upon principles of the plainest justice, to the relief he seeks, upon an adjustment of the equities, and after according such protection to the other parties affected by his suit to which they may be entitled. Therefore the judgment will be reversed and remanded for further trial.

The trial court rendered a judgment generally for the appellee, Farquhar, and the record does not indicate that there was any attempt to adjust or fix the equities of this case. Indeed, there seems to have been a denial of appellant's right to the relief sought, and no recognition of the need of ascertaining and determining the equities. For this reason, we do not feel justified in rendering judgment for the appellant.

Reversed and remanded.