## DAVIS v. LEAVERTON et al.   (No. 3279.)

Court of Civil Appeals of Texas.   Amarillo. Oct. 30, 1929.

Rehearing Denied Oct. 30, 1929.

Levens, Burks & Peticolas, of Lubbock, for appellant.

Wilson, Randal & Kilpatrick, of Lubbock, for appellees.

HALL, C. J.   The appellant, Davis, sued L. W. Ray and wife, Viola Ray, D. N. Leaverton, R. D. Moxley, and John Dalrymple, alleging in substance: That on July 22, 1927, one Thompson executed six notes, in the sum of $500 each, payable to the order of J. W. Curry on January 1, 1929, 1930, 1931, 1932, 1933, and 1934, respectively, said notes bearing interest at 8 per cent. per annum, providing for attorney's fees and containing an acceleration clause. That the notes were executed as part consideration for all of block 14 of the Happy Home addition to the town of Lubbock, which Curry and wife had conveyed to Thompson by warranty deed which retained a vendor's lien upon the block to secure the indebtedness. That thereafter, on January 13, 1928, Thompson and wife conveyed the block to A. J. Davis, and, as part consideration for the conveyance, Davis assumed to pay the six notes above described. That thereafter, on October 23, 1928, Davis and wife conveyed the property to L. W. Ray, who also assumed the payment of said notes as a part of the consideration for the transfer. That on or about February 20, 1929, Davis purchased note No. 2 above described, together with all interest due on the balance of the five notes, from Mrs. Carrie M. Spencer, for the sum of $727.55; the said Mrs. Spencer having previously purchased the six notes from Curry, together with the lien securing the same. Plaintiff further alleges that the defendants Leaverton, Moxley, and Dalrymple are asserting and claiming a lien on said block 14, which lien, if any, is secondary and inferior to the lien securing the payment of the indebtedness herein sued on by plaintiff. The prayer is for judgment for the amount of the second note, less certain credits, the interest on the remaining five notes, and for attorney's fees, against Ray and wife, and for a foreclosure of the vendor's lien against the other defendants, and that the lien of Leaverton et al. be adjudged a second lien upon the property.

Ray and wife defaulted. Leaverton, Moxley, and Dalrymple answered by general demurrer a general denial, and for special answer alleged the sale and conveyance of the property by plaintiff, Davis, to Ray, and that,

as a part of the consideration named in the deed, Ray executed and delivered to these defendants two notes, for $250 each, due one and two years after date, each secured by a vendor's lien on the property retained by the plaintiff in the deed; that prior to that time defendant Ray was indebted to these defendants in the sum of $500, secured by a valid lien upon other property owned by Ray; that Ray and plaintiff, Davis, and other parties were desirous of exchanging properties, and in order to effect the trade it was necessary for these defendants to release their first lien upon Ray's other property, and in order to induce these defendants to release said lien the plaintiff and Ray agreed to the execution by Ray of the two notes, for $250 each, payable to these defendants above described, and the reservation of a vendor's lien upon block 14, in the deed from plaintiff to Ray, to secure their payment, and by reason of such facts plaintiff is estopped from claiming a prior lien upon block 14, and that the payment of note No. 2 to Mrs. Spencer by plaintiff extinguished the vendor's lien in favor of plaintiff.

The case was tried to the court without the intervention of a jury, and resulted in a judgment in favor of the plaintiff, Davis, against Ray and wife, for the debt evidenced by one note and the interest on the other five notes and attorney's fees, in the sum or $809.75, and further decreed that plaintiff's lien should be postponed to the payment of the other defendants' debt, for the payment of which their lien was decreed to be a first lien upon said block 14. The petition states that Thompson executed six notes as part of the consideration for the land, and appellees' brief says that the note sued upon is one of a series of six notes; so we were misled into thinking that the note sued on was the first note, when in fact seven notes were executed, and the one sued on is note No. 2, as appears from the motion for rehearing. So the original opinion is withdrawn.

The appellant asserts one proposition, as follows: A vendee of land, who has assumed the outstanding mortgage or lien as a part of the purchase price, and who subsequently pays the debt, may take an assignment of the mortgage from the mortgagee, and may, in the absence of fraud, foreclose the same against his grantee and all subsequent incumbrancers, lienholders, and parties interested in the property, and his liability on the mortgage, where his grantee has assumed the same, will not defeat his right to a prior lien on the property, nor estop him from asserting it against a subsequent lienholder, nor is the fact that he persuaded the second lienor to take the second lien, in lieu of a lien on other property, sufficient ground to effect estoppel against the vendee, estopping him from asserting his lien as a prior lien to that of the second lienor, especially where the second lienor knew and was told at the time of the taking of the second lien that it was a second lien to the mortgage subsequently paid by the vendee.

The case is before us without a statement of facts. The court found the facts, in so far as they relate to the conveyance of the property by Curry and wife to Thompson, and by Thompson and wife to Davis, and by Davis and wife to Ray, substantially as alleged in the pleadings, and further found that on the 20th day of March, 1928, Curry and wife, by written instrument duly recorded, transferred the six notes to Mrs. Spencer without recourse, for a valuable consideration. The further findings of the court material to the issues presented here are, in substance, that on October 23, 1928, the plaintiff, Davis, and wife conveyed the property to Ray, and as a part of the consideration recited in the deed Ray assumed the payment of the original six vendor's lien notes, and as a further consideration executed and delivered to Leaverton, Moxley, and Dalrymple two notes, for $250 each, of even date with the deed, due one and two years after date, stipulating for interest at 8 per cent., 10 per cent. attorney's fees, and containing the usual acceleration clause; that prior to the date of the execution of said deed, and two notes, Davis and Ray and a third party "were making a three-cornered trade of properties, and that the defendants Leaverton, Moxley, and Dalrymple held a note for $500, executed by Ray, payable to them, secured by a lien upon other property owned by Ray; that, in order to make it possible for the three-cornered trade of properties to be consummated, it became necessary to secure a release of the note and lien against the property thus belonging to Ray; that, in order to induce the defendants Leaverton, Moxley, and Dalrymple to release the lien held by them against the property then owned by Ray, it was agreed that the two notes, for $250 each, described in the deed from Davis and wife to Ray, should be executed, and the lien retained against the property involved in this suit should be created in favor of the three defendants; that Davis agreed to the execution of the two notes, and the creation and reservation of the lien in his deed, in order to induce the defendants Leaverton, Moxley, and Dalrymple to release the other property."

The court further found that, when the note for $500, due January 1, 1929, held by Mrs. Spencer, became due, it was not paid by either the plaintiff or the defendant Ray; that thereafter, on or about February 20, 1929, plaintiff, Davis, paid Mrs. Spencer the sum of $500 on said note and interest, amounting to $227.55, due on the entire series of notes, and that, upon payment of said amount of $727.55, Mrs. Spencer executed in writing and delivered to the plaintiff a transfer of said note for $500, due on or before January

1, 1929, and the interest earned on the entire series of notes to February 20, 1929, together with the lien securing the same; that at the time the two notes for $250 each were executed to Leaverton, Moxley, and Dalrymple, and the vendor's lien was retained by plaintiff in his deed to secure their payment to the said defendants, defendants knew and were told that the six notes, for $500 each, were outstanding and held by Mrs. Spencer, and that the lien securing the two notes for $250 each was second and inferior to the lien securing said six notes.

By counter propositions the appellees contend that Davis, having assumed the payment of the six notes, was personally and primarily liable thereon, and, having paid the note for $500 and the interest, such payment discharged the obligations in full, together with the lien securing them, and he could not assert a superior right to the lien asserted by the appellees.

■ In view of another trial, it is suggested that, while the general rule is that there can be no subrogation in behalf of a surety until the creditor's debt has been fully paid (Campbell v. Jones [Tex. Civ. App.] 230 S. W. 710; Slaughter v. Boyce [Tex. Civ. App.] 170 S. W. 259, 261; Cason Bros. v. Connor, 83 Tex. 26, 18 S. W. 668), this rule does not apply when there has been a conventional subrogation resulting from an agreement between the parties seeking subrogation and the creditor and principal debtor or either. The rule in such cases is that if, by the contract of sale or assignment in virtue of which the surety obtained the indebtedness, the latter is to be subrogated, it will not be presumed that the debt is extinguished. If the duty of paying the debt and extinguishing the lien, as between the mortgagor and his transferee, rests upon the latter, the mortgagor who thereafter pays off the mortgage may keep the security alive. This may be done by means of an assignment to the mortgagor. Even in the absence of an assignment, the equitable doctrine of subrogation will be applied, and the mortgagor will be subrogated to the mortgaged security. When the grantee of the mortgaged premises has assumed the debt as part of the purchase price, the mortgagor, upon default of the grantee, may purchase the mortgage and take an assignment thereof. It is not essential that the surety should

have paid the full amount of the debt in money, provided the creditor be satisfied. The surety in such cases has a lien on the mortgaged property subordinate to that of the creditor, and only the creditor can object to a subrogation pro tanto of a surety who has paid a portion of the debt, whether the surety has entirely satisfied the debt or not. 9 A. L. R. 1607; 32 A. L. R. 569; United States Fidelity & Guaranty Co. v. Centropolis Bank of Kansas City (C. C. A.) 17 F.(2d) 913, 53 A. L. R. 301; 37 Cyc. 409, 410; Henson v. Reed, 71 Tex. 726, 10 S. W. 522; Brown v. Farquhar (Tex. Civ. App.) 225 S. W. 541; Fisher v. Columbia Bldg., etc., Ass'n, 59 Mo. App. 430; Motley v. Harris, 1 Lea (Tenn.) 577.

■ As shown by appellees' pleadings and the court's findings, the two notes, for $250 each, due appellees and sought to be secured by the expressed vendor's lien in the deed from Davis to Ray, cannot, under the general rule, be protected by the vendor's lien, because it is apparent that they do not represent any part of the purchase price for the land, and therefore no vendor's lien exists to secure their payment. 3 Pom. Eq. § 1251, says: "The grantor's lien, wherever recognized, is only permitted as a security for the unpaid purchase price, and not for any other indebtedness nor liability. There must be a certain ascertained absolute debt owing for the purchase price." Fidler v. F. & T. Bank, 74 Ind. App. 490, 127 N. E. 442; Burroughs v. Burroughs, 164 Ala. 329, 50 So. 1025, 28 L. R. A. (N. S.) 607, 137 Am. St. Rep. 59, 20 Ann. Cas. 926. So the judgment in this particular is contrary to the pleadings and the findings, and is fundamentally erroneous.

Since the appellees were not entitled, under this rule, to a vendor's lien, their rights necessarily rest upon the contract which they made with Davis and Ray, or upon the equitable ground of estoppel, and their allegations are not sufficient to entitle them to an estoppel. The plaintiff urged exceptions (which are general, though called special) to this part of the answer, setting up the facts to show the superiority of appellees' lien, which the court overruled. Error in overruling a general demurrer to a pleading, or any material part thereof, is also fundamental.

For the reasons stated, the judgment is reversed, and the cause remanded.