**LEAVERTON et al. v. DAVIS.**

No. 1537—5852.

Commission of Appeals of Texas, Section A.

Feb. 24, 1932.

See, also, 21 S.W.(2d) 369.

Wilson, Randal & Kilpatrick, of Lubbock, for plaintiffs in error.

W. M. Peticolas, Jr., of Lubbock, for defendant in error.

CRITZ, J.

This case has been in the Court of Civil Appeals twice. 21 S.W.(2d) 369, and 41 S.W. (2d) 683. The opinion in 21 S.W.(2d) 369 states the facts fully. However, in order that this opinion may be complete within itself, we make the following statement:

A. J. Davis, L. W. Ray, and a third party were making a three-cornered trade of properties owned by them respectively. Leaverton et al., hereinafter referred to as Leaverton, held a debt for $500 against Ray, secured by a lien on the property he was conveying in the trade. In order to make it possible for Ray to consummate the trade, it was necessary for him to clear his property of this lien. In this condition of affairs Leaverton released his lien against Ray's property, and in consideration for such release took a sec-

ond lien for $500 against the property being conveyed by Davis to Ray. This lien was created by Davis conveying the property he was selling to Ray by a general warranty deed which recited a cash consideration of $2,000, the assumption of a first lien for $3,000, and the execution of notes aggregating $500 to Leaverton. The vendor's lien was retained in the deed to secure the notes assumed and the notes given.

The property which Davis conveyed to Ray was already burdened with a vendor's lien consisting of six $500 notes originally executed by one Thompson and payable to one Curry. These are the notes assumed by Ray in the conveyance from Davis. The six $500 notes originated in a conveyance wherein Curry and wife conveyed the property to Thompson, reserving a vendor's lien to secure the payment thereof. Later Thompson and wife conveyed the property to Davis, who assumed the notes. Davis and wife conveyed the property to Ray for the consideration and under the circumstances above shown. The deed from Davis and wife to Ray affirmatively shows that the six $500 notes were secured by a lien on the land while owned by Davis, and this record shows the history of the transactions as above stated. The deed from Davis and wife to Ray merely created the lien in favor of Leaverton, and neither in the deed nor elsewhere does Davis assume any obligation with reference to the Leaverton debt, nor the lien securing same.

The record further shows that the six $500 notes above described became the property in due course of Mrs. Spencer. When the first of this series of notes became due, with a year's interest, Ray defaulted and Mrs. Spencer demanded payment from Davis, threatening to mature the entire series if Davis failed to pay the note due and the accrued interest. In order to prevent the maturity of the entire series, and to prevent suit against himself, Davis paid to Mrs. Spencer the $500 note due and all accrued interest and at the same time took an assignment of such indebtedness to himself, together with the lien securing same. The assignment subordinated the lien transferred to Davis to the lien still held by Mrs. Spencer to secure her other unpaid notes. Davis then filed suit against Ray on the debt assigned to him by Mrs. Spencer and made Leaverton a party, Davis claiming his debt and lien against the land in question to be superior to the lien held by Leaverton. The district court sustained Davis' contention, and that judgment was affirmed by the Court of Civil Appeals. Leaverton brings error.

Leaverton contends that the judgments of the trial court and the Court of Civil Appeals are erroneous because:

(1) The Court of Civil Appeals erred in holding as a matter of law that Davis purchased the indebtedness sued on by him from Mrs. Spencer.

(2) The Court of Civil Appeals erred in holding that there was no implied contract on the part of Davis to protect his lien.

(3) The Court of Civil Appeals erred in holding that when Davis paid his debt to Mrs. Spencer, for which he was primarily liable, he became substituted for the holder of such debt.

(4) Because the payment of a part of the debt did not establish subrogation.

■ With reference to the assignments attacking the holding of the Court of Civil Appeals with reference to the assignment to Davis, we think the record conclusively shows that Mrs. Spencer assigned the debt to Davis. This being true, Davis' rights in this case do not depend altogether upon equitable subrogation, but on a direct assignment of the debt and lien from Mrs. Spencer to him. Henson v. Reed, 71 Tex. 726, 10 S. W. 522.

■ Having paid the debt to Mrs. Spencer and taken an assignment thereof, and being only a surety in so far as the parties to this suit are concerned, as will be later shown, Davis had a right to stand in Mrs. Spencer's shoes, and enforce the lien purchased from Mrs. Spencer against Ray and Leaverton.

■ When Davis purchased the property from Thompson and wife and assumed the $3,000 lien, which became the property of Mrs. Spencer, he then became, as between him and Thompson, the principal or primary obligor, and Thompson the secondary obligor. 27 R. C. L. p. 427, par. 140; Spann v. Cochran & Ewing, 63 Tex. 240; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672. When Davis conveyed the property to Ray, and Ray assumed the debt and lien, as between Davis and Ray, Ray became the principal or primary obligor and Davis the secondary obligor. The very instrument which created this relation between Davis and Ray also created the lien in favor of Leaverton. The last-named party accepted such lien and is now standing thereon; he therefore became a party to, and in law agreed to, the contract which created his lien, and at the same time created the relation of principal and surety between Davis and Ray. It follows that as between Davis and Ray and Leaverton, Davis was not primarily liable on the Spencer note.

What we have said disposes of the case.

We recommend that the judgments of the Court of Civil Appeals and the district court be both affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed.